■ ANTOINETTE PALESE, Respondent, v. MICHAEL PALESE, Appellant.— In an action for a separation, defendant husband appeals from a judgment of the Supreme Court, Suffolk County, entered June 1, 1965 upon the court's decision after a nonjury trial, in plaintiff's favor. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. The findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. In April, 1964, the parties had been married approximately 45 years. They had had 6 children, only 1 of whom, a son, continued to reside in the family home, title to which was held solely by defendant. The son was 36 years old, unmarried, in good health and employed. Defendant and his son had for many years disliked one another. They often argued and, indeed, defendant claimed that he had been beaten and otherwise maltreated by the son. During the greater part of the marital relationship, defendant and plaintiff had argued almost constantly. Their antagonistic relationship was aggravated by defendant's frequent intoxication and inflamed by the son's reports to plaintiff of defendant's alleged misconduct. In any event, the long marital relationship was not strengthened by the passage of the years. Instead, in April, 1964, plaintiff appears to have so preferred her son above her husband that, when the latter demanded that the son permanently leave their home and threatened to leave and not return until the son had departed, plaintiff allied herself with the son, causing defendant's conditional withdrawal from his home. Within less than two months thereafter, plaintiff commenced this action, alleging abandonment and nonsupport. We have carefully scrutinized the record and find little by way of justification for the son's continued presence in defendant's home. Whether some utility was found by plaintiff in his presence, however, we think irrelevant when that supposed usefulness is set in among the other facts before us. We do not think that an adult, self-supporting son, obnoxious to one parent but favored by the other, has an indefinable but fixed right to remain in the family home even though the question of his presence inflames the marital relationship. Such a right could only be traceable to the parent who is the ally of the son and such an alliance, in turn, could only have its roots in a divided loyalty or, as in this case, a flagrant rejection of the dissenting spouse. In marriage, however, the duty of fidelity between husband and wife is the linchpin of the whole relationship. Plaintiff, therefore, was under a duty to defendant to ask

her son to arrange to reside somewhere other than at the parties' home, a request that had been repeatedly made by defendant and ignored by plaintiff and her son. In our opinion, the marriage contract does not envisage nor does the marriage state provide for loyalties to be broken in behalf of adult, healthy, self-supporting children. We conclude, therefore, that defendant's departure was justified by plaintiff's unreasonable refusal to agree to her son's removal and, consequently, that plaintiff did not prove her claim of abandonment (*Blair* v. *Blair,* 160 App. Div. 781; cf. *Matter of La Penna,* 16 A D 2d 655; *Bruch* v. *Bruch,* 271 App. Div. 885; see *Brandt* v. *Brandt,* 244 Misc. 318, affd. 238 App. Div. 831; but cf., *Crutchfield* v. *Crutchfield,* 75 N. Y. S. 2d 339). By demanding that defendant assent to an unreasonable condition as a term of their relationship, plaintiff violated her marital obligation to the defendant and thus she cannot succeed upon her claim of nonsupport (*Rizzi* v. *Rizzi,* 279 App. Div. 676). Christ, Brennan, Hill and Hopkins, JJ., concur; Ughetta, Acting P. J., dissents and votes to remit the action to the trial court for a hearing limited to the financial condition of the parties, with the following memorandum: The majority justifies the reversal of a clear case of abandonment and nonsupport on the ground that plaintiff violated her marital obligation by " demanding that defendant assent to an unreasonable condition as a term of their relationship ". One searches the record in vain for such a demand. Defendant told plaintiff that if she did not " chase " their son out of the house, defendant would " go away, and you don't see me no more." Plaintiff was asked if she wanted to chase her son out of the house. She replied, " No, I'm the mother. I suffer for my son." That is the extent of the " demand ". Defendant was the sole owner of the marital home. He was entitled to eject his son from the house but he was not entitled to have his wife do it for him. Had the relationship between plaintiff and defendant been a blissful one, it would nevertheless have been an extremely distressing task for her to ask her son to leave the house. Their relationship, however, was somewhat less than blissful. Defendant lived and worked in New York City five days in each week, returning home to Suffolk County for the week ends only. He was frequently intoxicated and argumentative. The son too was away a great deal, returning home on week ends or when his mother needed help. Plaintiff, a woman in her mid-sixties, lived alone in the house except for these visitations. I cannot agree that the " duty of fidelity between husband and wife " required this plaintiff under these circumstances to assist defendant in forcing his son out of the house at the risk of being abandoned and of being left without support by reason of her refusal. She made no demand that the son remain in the house. She made no threat to quit the marriage if the son were ousted. She merely refused to do what defendant as the sole owner of the property should have done himself. That refusal did not justify an abandonment and failure to support. The record is insufficient, however, to establish the financial conditions of the parties. Accordingly, I would remit this action to the trial court for a hearing on that issue only and otherwise affirm.