■ CRAIG C. ARMSTRONG, Appellant, v. SHELIA J. ARMSTRONG, Respondent.— Judgment unanimously reversed, on the law and facts, without costs, and matter remitted to Supreme Court, Jefferson County, Trial Term, Lynch, J., to grant judgment to plaintiff. Memorandum: In this default divorce action based upon cruel and inhuman treatment the facts reveal that plaintiff first learned of his wife's infidelity by way of an anonymous telephone call and then his wife told him that she could no longer live with him because she was in love with another man. The plaintiff testified to his mental upset and loss of work as a result. In *Hessen* v. *Hessen* (33 N Y 2d 406) the Court of Appeals held that " An appearance of misconduct which in a matured marriage might fail to justify a finding of substantial misconduct * * * may in a newer marriage justify or even compel an inference of substantial misconduct ". The court further stated that in the absence of objective proof of physical or mental injury to the plaintiff, which it held is not a prerequisite to relief, " Among the factors that the courts may properly consider are the respective ages of the husband and wife and the duration of their marriage " (*supra,* p. 411). The parties to this action are young, without children and have been married less than two years. At the time of the trial the defendant-wife had been gone for five months. The divorce was uncontested at Trial Term and the defendant-wife did not appear or file a brief on this appeal. She seeks no alimony and there is no evidence that she would lose any interest in a marital abode. We conclude that this record contains sufficient evidence of substantial misconduct on the part of the defendant-wife to permit the granting of a divorce and that its denial by Trial Term was an abuse of its discretion. Where as a result of the substantial misconduct of one spouse the marriage relationship is no longer viable or is " defunct " (1 Foster & Freed, Law and the Family. New York, § 6:11) or " dead " (cf. *Hessen* v. *Hessen,* 33 N Y 2d 406, 411, *supra*) an uncontested default divorce should be granted to the complaining spouse on the ground of cruel and inhuman treatment. (Appeal from judgment of Jefferson Special Term in action for divorce.) Present — Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.