■ BARBARA J. TROMBLEY, Respondent, v GEORGE R. TROMBLEY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 21, 1978 in Washington County, which denied defendant's motion to vacate a default judgment granting plaintiff a divorce on the ground of cruel and inhuman treatment. Affidavits of the attorneys of record for the parties at the time of the original default and subsequent thereto, wherein each concedes they engaged in extensive settlement negotiations during the one year following the entry of the default, plainly establish an excuse for the default and for the delay in moving to open that default. There are also allegations that prior to the commencement of this divorce action, plaintiff was residing with and having an adulterous relationship with another man. While there is no recriminatory defense in a divorce action based upon cruel and inhuman treatment, defendant may show that misconduct by plaintiff, such as the lure and attraction of a paramour, is the reason for plaintiff seeking a divorce rather than the alleged cruel and inhuman treatment (Bloom v Bloom, 52 AD2d 1030). The allegations, however, are contained in an affidavit submitted by defendant's attorney and there is no explanation for the absence of such allegations in defendant's own affidavit or of any basis of firsthand knowledge of the facts alleged by the attorney. Accordingly, the affidavit is insufficient on its face (1 Carmody-Wait 2d, NY Civ Prac, § 4:28). However, in light of the general policy favoring final determination of the marital status of the parties on the merits, rather than by default, defendant should be given the opportunity to correct this defect (Price v Price, 52 AD2d 800). Order affirmed, with costs, but without prejudice to the right of defendant, if he be so advised, to renew his motion to open the default judgment upon a proper factual showing that he has a meritorious defense. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

## (September 18, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL HUNT, Petitioner, v LADY R. RUCINSKI, as Superintendent of Albany County Jail, et al., Respondents.—Application for writ of habeas corpus dated August 9, 1978 denied. Mahoney, P. J., Greenblott, Kane, Mikoll and Herlihy, JJ., concur.