■ DANIEL R. HENDERY, Respondent, v MARGARET F. HENDERY, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 25, 1983 in Broome County, upon a decision of the court at Trial Term (Tait, Jr., J.), without a jury. ¶ Defendant challenges a judgment of separation awarded plaintiff based on adultery, as well as the denial of her counterclaim for a divorce based on cruel and inhuman treatment. The most substantial portion of the proof submitted on the issue of adultery was elicited from plaintiff. His testimony must be disregarded because a spouse is incompetent to testify on the issue of the other spouse's adultery (CPLR 4502; *Eades v Eades,* 83 AD2d 972, mot for lv to app dsmd 55 NY2d 800). To prove adultery as the ground for divorce, it is necessary to meet the same standards as those which existed when adultery was the only ground. The competent evidence, which consisted of conversations between defendant and plaintiff's relatives and friends concerning the parties' estrangement, fell far short of establishing adultery (see *George v George,* 34 AD2d 888). The second cause of action based upon adultery should, therefore, have been dismissed. ¶ Plaintiff was not barred from testifying to circumstances, including those implicating adulterous conduct on the part of defendant, as a basis for establishing cruel and inhuman treatment (see *Lee v Lee,* 51 AD2d 576). Considering plaintiff's testimony in conjunction with that of the other witnesses called on his behalf, a finding of cruel and inhuman treatment on the part of the defendant is supported by the record. The record establishes that defendant overtly intimated to plaintiff in words and actions that she was having a relationship with a male friend over an extended period, which relationship was emotionally injurious to plaintiff. Strongly supportive of such an inference were the "love poems" written by defendant's male friend and found by plaintiff in a dresser drawer in their home. From those notes, a reasonable conclusion could have been reached by plaintiff that the relationship was something other than platonic. Accordingly, the judgment must be modified by granting a separation on the first cause of action for cruel and inhuman treatment (see CPLR 5522; Siegel, NY Prac, § 543, p 759). ¶ We believe that the trial court was justified in denying defendant's counterclaim for divorce. There was a sharp contrast in the parties' testimony as to the seriousness of plaintiff's "assaultive conduct". The trial court, being the judge of the credibility of the testimony, determined that plaintiff's transgressions were of a minor nature and that they resulted from the provocative acts of defendant. This case is similar to *Passantino v Passantino* (87 AD2d 973), in which the wife was accused of certain acts of violence during temper tantrums brought on by the suspected infidelity of her husband. The Fourth Department held in *Passantino* (*supra*) that: "conduct of defendant which the court characterized as 'acts of violence' was improperly relied upon in granting the divorce against her. 'If provocation by the plaintiff has incited the defendant's acts, the acts, though wrong, may be excused, and the action for a divorce dismissed' (*Mante v Mante,* 34 AD2d 134, 140)." ¶ The trial court's decision was fully supported by the evidence which it considered credible. ¶ Judgment modified, on the law and the facts, without costs, by

amending the first decretal paragraph to indicate that the separation granted was upon the ground of cruel and inhuman treatment, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.