■ JOANNE CLARKSON, Respondent, v RODNEY CLARKSON, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 9, 1983 in Otsego County, upon a decision of the court at Trial Term (Lee, Jr., J.), without a jury. ¶ Plaintiff and defendant were married on December 22, 1963. Their only child is now emancipated. On June 23, 1982, the parties separated, with plaintiff leaving the marital home because defendant had allegedly been dating other women. Plaintiff ultimately sued defendant for a divorce on the ground of cruel and inhuman treatment and for equitable distribution. Following a lengthy trial, Trial Term granted a divorce in favor of plaintiff on the stated grounds and provided for a division of the marital property. ¶ Defendant raises two main issues on this appeal. First, he argues that there was insufficient evidence upon which to base the award of divorce in favor of plaintiff on the ground of cruel and inhuman treatment. This contention is without merit. Subdivision (1) of section 170 of the Domestic Relations Law provides that a divorce will be granted on this theory following a showing "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe *or improper* for the plaintiff to cohabit with the defendant" (emphasis added). That standard was satisfied by the trial testimony here. It revealed that defendant had adopted a new life-style which involved his dating several other women, including women employed at plaintiff's place of business who had alleged reputations for promiscuous behavior. Defendant had even admittedly entertained some of these women at the marital residence when plaintiff was away on vacation.

Defendant refused to cease these activities despite plaintiff's many requests that he do so, with the result that she suffered weight loss, stomach upset and substanti.l emotional distress causing her to seek medical attention. The trial court is invested with broad discretion to determine the issue of cruel and inhuman treatment and such a determination will not lightly be overturned on appeal (*Patrizio v Patrizio,* 96 AD2d 1149, 1150; *Davis v Davis,* 83 AD2d 547, 548). We hold that the court's finding thereof in this case was amply justified by the record. ¶ Defendant's second contention is more persuasive. It concerns the trial court's valuation of defendant's business in arriving at an equitable division of the marital property. In 1975, defendant purchased an electric motor repair business from his father. Pursuant to the terms of sale, defendant was to pay his father the sum of $263.74 per month for the rest of his father's life. Since defendant's father was 65 years old at the time of the trial, with an actuarial life expectancy of 12 years, the anticipated amount to be paid came to $37,978.56.[*] In determining the valuation of defendant's business, the trial court took into consideration such factors as cash on hand, inventory, machinery and equipment, and accounts both receivable and payable. However, it did not factor in the amount which defendant owed his father for the business. Instead, the trial court held the annuity payments to be a "personal debt of the defendant". We cannot agree and hold that the balance due on the purchase price should have been taken into consideration by the trial court in arriving at a valuation of the business. Accordingly, the judgment must be modified and we remit the case for a recomputation of the valuation of defendant's business, by deducting the anticipated amount owed on the purchase price thereof, and for any redistribution of the marital property which may, in fairness, be engendered thereby. In all other respects, we affirm. ¶ Judgment modified, on the law, without costs, by reversing so much thereof as divided the parties' marital property; matter remitted to Trial Term for further proceedings not inconsistent herewith and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

[*] The purchase price of an annuity with these terms would be $26,000.