■ JOANNE CLARKSON, Respondent, v RODNEY CLARKSON,

Appellant.—Levine, J. Appeal from an amended judgment of the Supreme Court ordering equitable distribution of the parties' marital property, entered January 2, 1985 in Otsego County, upon a decision of the court at Trial Term (Lee, Jr., J.), without a jury.

On September 19, 1983, a judgment of divorce and equitable distribution was entered dissolving the marriage of plaintiff and defendant and determining the distribution of their marital assets. The judgment awarded each party the marital property they each physically possessed, with the exception of the marital house and the furnishings therein, which were awarded to plaintiff. The value of defendant's award was determined to be approximately $99,000 and that of plaintiff's, approximately $83,000. Defendant appealed and argued that Trial Term erred in determining the value of his property award since it fixed the value of his business assets without taking into account the value of the debt incurred in purchasing his electrical repair business from his father. Defendant was obligated to pay $263.74 per month to his 65-year-old father for the remainder of his father's life. This court agreed, and modified the judgment, remitting the case to Trial Term for a "recomputation of the valuation of defendant's business, by deducting the anticipated amount owed on the purchase price thereof" (103 AD2d 964, 965).

On remittal, the anticipated amount owed to defendant's father was determined to be $26,000, the price of an annuity which would generate income sufficient to meet the monthly payments to defendant's father for a period of 12 years, his actuarial life expectancy. The $26,000 was subtracted from the value of defendant's award and plaintiff was ordered to pay defendant $5,000, thereby giving each party a distributive share of $78,000. Thus, although the original disposition had effected a 54-46 division of the marital assets, the recomputation resulted in a 50-50 split. This appeal by defendant ensued.

Defendant's first assignment of error is Trial Term's valuation of the debt owed his father on an annuity cost basis rather than by adding up the actual amount of all the payments to be made over the next 12 years, which equaled approximately $37,000. The annuity price was used as a method to accurately appraise the debt's effect on the current real value of the business. A valuation on an annuity basis determines the present value of the debt owed. It properly takes into account the time value of money, since the loan is to be paid over the ensuing 12 years. Allowing defendant to

reduce the current value of his assets by the total amount of all loan payments to be paid would result in a windfall to him.

The only other point raised by defendant meriting discussion is his claim that Trial Term abused its discretion in reallocating the marital assets on a 50-50, rather than a 54-46, basis. However, when this court remitted this case to Trial Term for a revaluation based upon a consideration of defendant's business debt, we ordered a "redistribution of the marital property which may, in fairness, be engendered" (103 AD2d 964, 965, *supra)* by the revaluation of defendant's business assets. Thus, our prior decision did not restrict Trial Term's discretion, on remittal, to reallocate each party's percentage share. Trial Term found, in its discretion, that equal was equitable. Since the redistribution essentially maintained the original award's primary objective of permitting each party to retain the marital assets they each possessed, but giving the marital residence to plaintiff, it cannot be said that the reallocation constituted an abuse of discretion.

Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.