■ June M. Marrow, Appellant, v William L. Marrow, Respondent

Memorandum: The trial court erred in dismissing plaintiff's complaint for a divorce at the conclusion of the plaintiff's case (see, Crowley v Brown, 91 AD2d 601; Bartkowiak v St. Adalbert's R. C. Church Socy., 40 AD2d 306). Plaintiff placed into evidence a petition and order of the Family Court in a filiation proceeding brought against the defendant, which determined that defendant was the father of a child born to another woman on January 13, 1978. This, together with the admission of the defendant at an examination before trial that he was paying support for said child, is sufficient to support a prima facie case of adultery to defeat defendant's motion to dismiss (Marmorale v Marmorale, 103 AD2d 736; Salicco v Salicco, 125 Misc 2d 137; Trumpet v Trumpet, 215 NYS2d 921 [1961]; Barbara v Barbara, 57 NYS2d 156 [Kings County 1945]).

Trial court, apparently in the belief that defendant, on plaintiff's direct case, established the defense of recrimination under Domestic Relations Law § 171 (4), did not pass upon the sufficiency of plaintiff's proof in this regard. Such finding had to have been based primarily upon defendant's testimony. Such testimony violates CPLR 4502 (a) and should have been disregarded (Hendery v Hendery, 101 AD2d 624). The fact that plaintiff's counsel belatedly objected to the testimony does not alter the result (Taylor v Taylor, 123 App Div 220; Admire v Admire, 180 Misc 68). Plaintiff denied many of the allegations testified to by defendant, thereby raising issues of fact that can only be determined at the close of all the proof (Nicholas v Reason, 84 AD2d 915).

Plaintiff likewise established a prima facie case for a divorce upon the grounds of cruel and inhuman treatment. Giving plaintiff's proof every favorable inference, it establishes a course of adulterous conduct by defendant which extended into the five years immediately preceding the commencement of this action. Such adulterous conduct has been held to be sufficient proof of cruel and inhuman treatment to warrant the granting of a divorce (Fritz v Fritz, 88 AD2d 778; Hendery v Hendery, supra). Therefore, plaintiff's cause of action for cruel and inhuman treatment should not have been dismissed at the close of plaintiff's case. (Appeal from judgment of Supreme Court, Erie County, Francis, J.—divorce.) Present— Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.