■ KATHLEEN BARR, Appellant, v MARK R. BARR, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Duskas, J.), entered January 31, 1990 in St. Lawrence County, which, inter alia, granted defendant's motion for summary judgment on his counterclaim for a divorce.

The parties were married in 1981 and have two children. They separated and signed a separation agreement in 1987. Thereafter, plaintiff commenced this action for a divorce alleging, inter alia, cruel and inhuman treatment and adultery based on alleged sexual abuse of the parties' daughter by defendant, who counterclaimed for a divorce based on the parties living separate and apart for at least one year and his substantial performance of the terms and conditions of the separation agreement. Defendant moved for summary judgment and plaintiff cross-moved for summary judgment, opposing defendant's motion on the grounds that the separation agreement never was filed with the County Clerk and that defendant failed to substantially perform under the separation agreement. Supreme Court granted defendant's motion and denied plaintiff's cross motion. Plaintiff appeals.

A conversion divorce, as granted by Supreme Court, requires that the parties live separate and apart for at least one year pursuant to a written separation agreement which has been filed with a specified county clerk and the terms of which have been substantially performed (see, Domestic Relations Law § 170 [6]). Here, defendant does not challenge plaintiff's claim that the separation agreement has not been filed with the appropriate county clerk. Although this defect may be subject to cure by filing nunc pro tunc (see, Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:15, at 621-622), it appears that questions of fact exist concerning defendant's substantial

compliance with the separation agreement. Indeed, despite Supreme Court's award of summary judgment to defendant, it has withheld final judgment until certain factual issues as alleged by plaintiff are resolved. Under such circumstances, we believe that Supreme Court erred in granting defendant's motion for summary judgment for a conversion divorce.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant's motion; motion denied; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.