■ WALTER H. HAYDOCK, Appellant, v CONSTANCE T. HAYDOCK, Respondent. [634 NYS2d 766] —In an action for a divorce

and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated July 21, 1994, which granted the defendant wife's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, with costs, the defendant's motion is denied, and the complaint is reinstated.

The plaintiff's complaint sought a divorce upon the ground of cruel and inhuman treatment. A plaintiff seeking a divorce on the ground of cruel and inhuman treatment must allege a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper (see, Domestic Relations Law § 170 [1]).

In his complaint, the husband makes the following assertions: In August 1993, while the parties were still living together, the wife told the husband she had not loved him for years, and that she loved another man. She told her husband "not to tell anyone of her love affair" with her male friend, because he is a "public figure". From August 1, 1993, until August 16, 1993, the wife advised the husband that she was seeing her male friend frequently and that "her future" was with her male friend and not her husband. On August 15, 1993, as the family was about to move out of the country, the wife spent the afternoon "saying goodbye" to her male friend. Between August 1993 and October 1993, while the parties were out of the country, the wife maintained "constant" telephone communication with her male friend, and left in plain view "sexually provocative letters" between herself and her friend which referred to a "passionate liaison" between herself and her friend, and suggested that the friend pick some "sexy city" where they could meet. On January 1, 1994, the wife returned to the United States without her husband, and continued to openly see her male friend, while advising her husband that she was "seeing lots of people".

In his affidavit in opposition to the wife's motion to dismiss the complaint, the husband claimed the wife's "flaunting" of her relationship with her male friend caused him to suffer weight loss of over 40 pounds in a matter of months, and insomnia, that the wife told him she was returning to the United States to be with her male friend, and that her activities with her friend were so open that his seven-year old son informed him that "mommy has a boyfriend", and asked: "She's not having bad sex or something is she?"

The wife, in reply, denied that her relationship with her friend was adulterous, but admitted that she saw her friend

"casually socially" and that she confessed to her husband that she cared for her friend and her friend "thought well" of her. She claimed she returned to the United States because all her family and friends were here. She further claimed that any correspondence between herself and her male friend was not "relevant to anything".

The issue before us is not whether the husband is entitled to a divorce, but whether he has set forth a cause of action for divorce. Evidence that one spouse is having an extramarital affair with the knowledge of the other spouse can constitute cruel and inhuman treatment (*see, Guneratne v Guneratne*, 214 AD2d 871). The wife's denial that she is having an extramarital affair presents a question of credibility which is not properly before us on this motion to dismiss pursuant to CPLR 3211. In any case, the husband need not prove adultery to sustain his cause of action. Where the conduct is initiated while the spouses are still living together (*cf., Lipset v Lipset*, 150 AD2d 648), a spouse's dating of other persons (*see, Clarkson v Clarkson*, 103 AD2d 964), or meeting with and declaring love for other persons, can constitute cruel and inhuman treatment (*see, Clarkson v Clarkson, supra; Hendery v Hendery*, 101 AD2d 624; *Armstrong v Armstrong*, 47 AD2d 800), even in a marriage of more than 10 years duration (*see, Hendery v Hendery, supra*).

Accordingly, the complaint is reinstated. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.