■ SHELLY K. ANOSTARIO, Respondent, v JOSEPH M. ANOSTARIO, Appellant. [680 NYS2d 279] —Mikoll, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 11, 1997 in Albany County, which, *inter alia*, dismissed plaintiff's cause of action for divorce.

The sole issue on this appeal is whether Supreme Court abused its discretion in denying the parties' repeated requests to stipulate to mutual divorces.

The relevant facts are as follows. Plaintiff commenced an action for divorce by service and filing of a summons with notice. Despite defendant's demand for a complaint, none was served or filed as of June 25, 1997, the date on which trial commenced.

There was, however, an agreement between the parties to stipulate to mutual divorces on the ground of constructive abandonment.[1] Prior to the commencement of trial, counsel for both parties informed Supreme Court of the parties' agreement to stipulate to mutual divorces. The court declined to accept such a stipulation in the absence of a complaint. Defendant then moved to dismiss plaintiff's cause of action because there was neither a complaint nor a stipulation; the court reserved decision on the motion. Presumably relying on plaintiff's agreement to serve and file a complaint forthwith, the court permitted trial to begin. Plaintiff then testified concerning, *inter alia*, equitable distribution issues, but rested without offering any testimony relating to grounds for a divorce. Defendant again moved to dismiss and the motion was granted. We note that at this point in the trial, no complaint had yet been served or filed. For reasons we cannot discern, the court permitted the trial to continue.[2]

The following day, June 26, 1997, counsel for the parties again advised Supreme Court that they had agreed upon stipulations relating to a number of equitable distribution issues, and also advised that there would be a stipulation to mutual divorces after the receipt and review of plaintiff's complaint, which was to be served that afternoon. The court then questioned the parties concerning their understanding of and agreement to the various stipulations. Defendant rested the following day without offering any evidence in support of grounds for a divorce. His counsel, however, then stated to the court: "I would note for the record that we have been served with a verified complaint pursuant to the stipulation put on the record yesterday as to the issue of divorce. We're ready to stipulate to mutual divorces based on constructive abandonment," to which plaintiff's attorney added: "So stipulated." The court refused to accept the stipulation, stating that it had no "jurisdiction" over plaintiff's complaint. Asked by the court whether he had any motions, counsel for plaintiff moved to dismiss the counterclaim for failure of proof, and the court granted the motion. Despite having made a motion to dismiss, plaintiff's counsel again urged the court to accept the parties' stipulation to mutual divorces, which the court refused.

---

1. In view of our decision, we do not consider whether a stipulation to mutual divorces based upon constructive abandonment would be enforceable (*see, Henderson v Henderson*, 63 AD2d 853, *lv dismissed* 45 NY2d 713).

2. Before any complaint was served, defendant tendered a purported "answer" containing a counterclaim. The answer was, of course, a nullity, as was any counterclaim contained therein (*see, Newman v Newman*, 245 AD2d 353).

Subsequent to the dismissals, defendant moved for reargument seeking to implement the stipulation reached by the parties in open court; plaintiff opposed the motion, and it was denied by Supreme Court. On this appeal, defendant argues that Supreme Court erred in refusing to accept the parties' stipulation; plaintiff takes a contrary position.

We categorically reject, as wholly refuted by the record, plaintiff's contention that there was neither an agreement to stipulate nor a meeting of the minds on that point. To the contrary, on several occasions before, during and after their respective motions to dismiss, counsel for the parties reiterated their clients' agreement to stipulate to mutual divorces and urged Supreme Court to accept same. On June 26, 1997, a detailed stipulation was put on the record, including an agreement to stipulate to mutual divorces subject to receipt and review of a verified complaint. The next day, plaintiff served a verified complaint, defendant accepted it and both counsel stated that they were ready to proceed with the stipulation thereon.

Nor are we persuaded that because no complaint was served until June 27, 1997, Supreme Court was without power to entertain the action. "It has been repeatedly held by the Court of Appeals that, unless public policy is affronted, the parties are free to chart their own procedural course" (*Corsini v Corsini*, 224 AD2d 209, 210; *see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1002). Indeed, Supreme Court was aware that no complaint had been served or filed, and nonetheless permitted trial to commence (and continue for three days) upon representations that a complaint would be forthcoming (*see,* CPLR 3012 [d]). Ordinarily, the interest of judicial economy would militate in favor of accommodating the parties' agreements and objectives as, for example, their consent to the late service and filing of a complaint.

These observations notwithstanding, under the peculiar facts of this case, we decline to hold that Supreme Court was required to accept the parties' stipulations. Nothing is clearer from this record than the extreme contentiousness of the parties and their counsel, of which their polarity on this appeal is but an example. Despite the fact that on several occasions both counsel urged the court to accept the parties' stipulation to mutual divorces, and were fleetingly united in interest on that point, they made equally facile transitions in moving to dismiss the other's cause of action. Under all of the circumstances, including the nature of the grounds proposed for the mutual

stipulations, we are unable to find that Supreme Court abused its discretion in refusing to accept the parties' stipulation to mutual divorces.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.