■ WILLARD C. CARPENTER, Appellant, v JEAN M. CARPENTER, Respondent. [718 NYS2d 105] ——Peters, J. Appeal from a judgment of the Supreme Court (Going, J.) denying plaintiff a divorce, entered May 26, 1999 in Montgomery County, upon a decision of the court.

Plaintiff and defendant were married in 1984. On April 12, 1989, plaintiff returned from work to find his clothing and belongings outside of the marital residence with the locks changed. Plaintiff never knocked on the door or tried the locks; he merely gathered his belongings and went to his mother's home. He alleged that he did not know how his belongings got outside, that he never discussed it with defendant and had not done anything to warrant this result. Defendant, at all times, fully admitted to changing the locks and removing plaintiff's belongings from the residence. At the time of the commencement of this matrimonial action, they had lived separate and apart for more than eight years.

Plaintiff's complaint for divorce, grounded upon abandonment, alleged the circumstances surrounding his expulsion from the marital residence and asserted that such ejection was without just cause or consent. Defendant, proceeding *pro se*, responded by letter which solely addressed other outstanding issues. As a result of a preliminary conference, an order was issued on November 20, 1997 memorializing the parties' agreement to numerous issues including, *inter alia*, the ground alleged for the divorce.

At the hearing scheduled for December 17, 1998, Supreme Court appointed its confidential law clerk as a Referee to hear and report on this matter. Upon the parties' agreement thereto—plaintiff, with counsel, and defendant, *pro se*—the Referee noted the issues previously agreed upon, one of which was the issue of fault premised upon the facts alleged by plaintiff. Again, defendant stated on the record that she did not contest the grounds. The Referee nonetheless issued a report determining that abandonment had not been established. Pursuant to CPLR 4403, plaintiff moved for Supreme Court to reject the report. After a hearing on the motion, the court agreed with the Referee that the grounds were not established, thus prompting this appeal.*

Appointment of a confidential law clerk as Referee in this action was clearly improper (*see*, Judiciary Law § 251-a; CPLR 4312 [3], [5]) and should not have been done. Supreme Court also erred in its dismissal of the complaint for failure to establish an abandonment. It is axiomatic that the grounds for a divorce must be proven notwithstanding the parties' stipulation thereto (*see*, Domestic Relations Law § 211), and that when alleging an abandonment plaintiff is required to show that the abandonment was unjustified, without his consent (*see*, *Schine v Schine*, 31 NY2d 113, 119; *McNair v McNair*, 262 AD2d 1048, 1048-1049; *Brazil v Brazil*, 235 AD2d 611, 615; *Wallin v Wallin*, 233 AD2d 699, 700, *lv denied* 89 NY2d 815) and occurring for a period of one or more years prior to commencement of the action (*see*, Domestic Relations Law § 170 [2]).

Here, by alleging in his verified complaint that defendant changed the locks on the marital residence in 1989 without justification or consent (*see*, *Schine v Schine*, *supra*, at 119), the burden was satisfied. While we recognize that a subjective belief of justification, even if mistaken, will be a sufficient defense (*see*, *Phillips v Phillips*, 70 AD2d 30, 37-38), defendant bore the burden of pleading and proving it (*see*, *McNair v McNair*, *supra*; *Pascarella v Pascarella*, 210 AD2d 915; *Maryon v Maryon*, 60 AD2d 623). Defendant never attempted to amend her answer to plead a justification defense or submit further proof in support thereof. For these reasons and upon this record, the divorce should have been granted upon plaintiff's showing.

Accordingly, the judgment is reversed, plaintiff is granted a divorce on the ground of abandonment and the matter is remitted to Supreme Court for the entry of a judgment of divorce and for a determination of all ancillary issues.

---

* Defendant did not file a brief on this appeal.

Cardona, P. J., Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, plaintiff is granted a divorce on the ground of abandonment and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.