██ JAMES F. DUNNE, Respondent, v LUCY M. DUNNE, Appellant. [850 NYS2d 659]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 5, 2006 in Albany County, granting plaintiff a divorce, upon a decision of the court.

The parties were married in 1976. Around 1996 or 1997, plaintiff was diagnosed with a general anxiety disorder. He was prescribed medications, including Xanax (a Benzodiazepine medication) and Ambien, to alleviate his constant worrying and inability to sleep. Defendant, after reading various articles on the potentially dangerous effects of such medications and noticing a hostile change in plaintiff's demeanor, insisted that plaintiff stop taking the medications. Plaintiff's doctor began decreasing the medications, but, as a result, plaintiff began

drinking alcohol in order to cope with his increased anxiety. This led to an incident in February 2002 when plaintiff was found unconscious after excessive drinking and was taken to the hospital. As a result of his consumption of alcohol while taking medication, he was taken completely off the medications.

In May 2002, defendant moved plaintiff's belongings from the marital residence to an apartment which they owned. Plaintiff returned to the marital residence shortly thereafter; however, defendant demanded that he leave after she noticed the smell of alcohol. Thereafter, plaintiff sought treatment for alcohol abuse and has since stopped drinking. In early 2003, his doctor prescribed two prescription medications—one of which is the Benzodiazepine medicine Klonopin—to control his anxiety disorder. Although the parties engaged in marriage counseling, according to plaintiff, defendant insisted that a condition to their reconciliation was that he cease taking any and all prescription Benzodiazepine medications. In April 2004, plaintiff commenced this action for divorce on the ground of constructive abandonment. Following a nonjury trial, Supreme Court, crediting plaintiff's testimony, granted the divorce, prompting this appeal.

Defendant contends that plaintiff failed to establish constructive abandonment inasmuch as his exclusion from the marital residence was not complete, was on consent and was justified under the circumstances. In an action for divorce based upon constructive abandonment, the party seeking the divorce must establish that the other spouse has refused to fulfill the basic obligations of the marriage relationship for a period of one year or more, without justification or consent by the abandoned spouse (*see Schine v Schine*, 31 NY2d 113, 119 [1972]; *McMahon v McMahon*, 42 AD3d 787, 789-790 [2007]; *see also* Domestic Relations Law § 170 [2]). In addition, "[t]he evidence must show a 'hardening of resolve' by one spouse not to live with the other" (*Hage v Hage,* 112 AD2d 659, 661 [1985]; *see Wallin v Wallin*, 233 AD2d 699, 700 [1996], *lv denied* 89 NY2d 815 [1997]).

Here, defendant moved plaintiff's belongings to an apartment and demanded that he leave the marital residence. According deference to Supreme Court's credibility assessment of the parties' proffered proof, plaintiff's testimony established that defendant denied his repeated requests to return to the marital residence. On the other hand, defendant contends that she was justified in excluding plaintiff from the marital residence until he stopped taking the Benzodiazepine medication. However, it is undisputed that plaintiff suffers from a psychological anxiety

disorder. Plaintiff testified that, although he has attempted to control his condition without the use of prescription medication, his doctors advised him that anxiety disorder can only be alleviated through prescription medication. Plaintiff also testified that he has no behavioral problems with his current medications and that his anxiety is under control. Defendant's uncompromising position that plaintiff choose to either adhere to the advice of his treating physicians or cease taking his anxiety medication in order to return to the marital residence, thereby risking his well-being, amounts to "an unreasonable condition as a term of their relationship," which violates her marital obligation to plaintiff (*Palese v Palese*, 25 AD2d 540, 541 [1966]; *see Gloster v Gloster*, 23 App Div 336, 338 [1897]). Therefore, under all the circumstances herein, we find no reason to disturb Supreme Court's decision granting plaintiff a divorce on the ground of constructive abandonment.

Defendant's remaining contentions have been reviewed and found to be unpersuasive.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.