■ Andrew Nagerl, Respondent, v Melita Nagerl, Appellant. [873 NYS2d 363]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lebous, J.), entered December 26, 2007 in Tioga County, granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1999. In 2006, plaintiff commenced this divorce action on the grounds of cruel and inhuman treatment and abandonment. After discontinuing the latter claim, plaintiff moved for summary judgment on the ground of cruel and inhuman treatment. Supreme Court granted the motion* and, following a trial on equitable distribution, issued a judgment of divorce which also distributed the parties' marital property. This appeal by defendant ensued.

We agree with defendant's contention that material questions of fact preclude summary judgment on the cause of action for divorce. Although it is uncontroverted that defendant wrote

* This Court dismissed as premature defendant's appeal from the amended order granting plaintiff's summary judgment motion because that order directed that the judgment dissolving the marriage would not be entered until equitable distribution was resolved (*Nagerl v Nagerl*, 46 AD3d 1199 [2007]).

"love notes" to her physician and that plaintiff was upset when he found those notes in defendant's drawer, defendant disputes plaintiff's further claim that she told him that she was in love with her physician. Defendant also denies having an adulterous relationship with her physician or even delivering the notes to him. Under these circumstances, a trial is necessary to determine plaintiff's entitlement to a divorce on cruel and inhuman treatment grounds (*see e.g. Gentner v Gentner*, 289 AD2d 886, 887 [2001]; *Guneratne v Guneratne*, 214 AD2d 871, 872 [1995]; *Hendery v Hendery*, 101 AD2d 624, 624 [1984]; *see also Haydock v Haydock*, 222 AD2d 554, 555-556 [1995]; *Armstrong v Armstrong*, 47 AD2d 800, 800 [1975]). Accordingly, we remit the matter to Supreme Court for further proceedings.

In light of the foregoing, defendant's contentions regarding equitable distribution cannot be addressed at this juncture.

Rose, Kane and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.