982

Kevin K. Dodd, Appellant, v Cheryl C. Colbert, Respondent. [881 NYS2d 711]—

Kane, J. Appeal from an order of the Supreme Court (Work, J.), entered December 11, 2008 in Ulster County, which, among other things, partially denied plaintiff's motion to dismiss defendant's affirmative defenses.

Plaintiff commenced this divorce action alleging grounds of constructive abandonment and cruel and inhuman treatment. His amended complaint included allegations, under the ground of cruel and inhuman treatment, that defendant entered into an illicit sexual relationship with a named individual. Defendant served an unverified amended answer with five affirmative defenses. Plaintiff moved to dismiss the affirmative defenses, to compel defendant to verify her answer and for sanctions. Supreme Court partially granted the motion by dismissing one affirmative defense and limiting another. Plaintiff appeals from the partial denial of his motion.

Supreme Court properly denied plaintiff's motion to dismiss the affirmative defense regarding specificity of the complaint on the cause of action alleging cruel and inhuman treatment. A complaint in a divorce action must particularize the nature and circumstances of the other party's alleged misconduct "and the time and place of each act complained of" (CPLR 3016 [c]).

Exact dates need not be furnished to comply with this statute, as long as the allegations sufficiently inform the defendant of the misconduct which will be addressed at trial (*see Kapchan v Kapchan*, 104 AD2d 358, 359 [1984]; *Lerner v Lerner*, 65 AD2d 889, 889 [1978]; *see also McKilligan v McKilligan*, 156 AD2d 904, 906-907 [1989]). On the other hand, plaintiff's allegations covering the entire period of the marriage or the previous five years, without any attempt at further specificity, are too vague to apprise defendant of the accusations being leveled against her (*see Tabib v Tabib*, 56 AD3d 460, 461 [2008]; *Harari v Harari*, 234 AD2d 421, 421 [1996]; *Pustilnik v Pustilnik*, 24 AD2d 868, 868 [1965]; *but see Pfeil v Pfeil*, 100 AD2d 725, 725 [1984]). Because only one paragraph of the complaint's cause of action alleging cruel and inhuman treatment contained a date (with month and year) and the remaining allegations were merely alleged to have occurred "[d]uring the course of the marriage and especially within five (5) years prior to the date of commencement," this affirmative defense should not be dismissed as to that cause of action. As to the constructive abandonment cause of action, the complaint was sufficiently particularized so as to render this affirmative defense inapplicable.

Plaintiff was entitled to dismissal of the affirmative defense that "the lure and attraction of a paramour" was the basis for the divorce. The Legislature has not provided any defenses to a divorce action based on the ground of cruel and inhuman treatment (*see* Domestic Relations Law § 171 [providing defenses only to divorce based on adultery]; *Pajak v Pajak*, 56 NY2d 394, 397 [1982]). Despite the absence of a defense, "defendant may show that misconduct by plaintiff, such as the lure and attraction of a paramour, is the reason for plaintiff seeking a divorce rather than the alleged cruel and inhuman treatment" (*Trombley v Trombley*, 64 AD2d 993, 993 [1978]; *see Bloom v Bloom*, 52 AD2d 1030, 1031 [1976]; *cf. Schubert v Schubert*, 33 AD3d 1177, 1178 [2006]). While evidence related to this topic is relevant to the cause of action, it does not constitute an affirmative defense (*see Bloom v Bloom*, 52 AD2d at 1031).

Supreme Court should have dismissed the affirmative defense that any abandonment was justified. To establish abandonment as a ground for divorce, the plaintiff must prove that the defendant refused to fulfill the basic marital obligations for a period of one year or more, without consent by the abandoned spouse and without justification (*see* Domestic Relations Law § 170; *Schine v Schine*, 31 NY2d 113, 119 [1972]; *Dunne v Dunne*, 47 AD3d 1056, 1057 [2008], *lv dismissed* 10 NY3d 848 [2008];

*Carpenter v Carpenter*, 278 AD2d 695, 696 [2000]). Because the lack of justification is an element the plaintiff must prove to establish abandonment, the issue of justification will not take a plaintiff by surprise or raise issues not appearing in the complaint; thus, it is not an affirmative defense (*see* CPLR 3018 [b]; *but see James v James*, 13 AD3d 583, 587-588 [2004, Miller, J., concurring]; *but cf. Carpenter v Carpenter*, 278 AD2d at 696 [requiring a defendant to plead and prove justification to prevail once a plaintiff has established a prima facie case of abandonment]; *McNair v McNair*, 262 AD2d 1048, 1049 [1999] [same, where the plaintiff made out prima facie case and the defendant did not contest grounds]). Accordingly, plaintiff was entitled to dismissal of the affirmative defense of justification.

Plaintiff was entitled to receive a verified answer to all allegations except those relating to adultery. Upon receiving the unverified answer, plaintiff immediately informed defendant of that defect, thus preserving the objection to lack of verification (*see* CPLR 3022). All pleadings in matrimonial actions must be verified, unless they are in response to charges of adultery (*see* Domestic Relations Law § 211). Even where adultery is not alleged as a ground, portions of a pleading are not required to be verified if they concern matters that the party would be privileged from testifying about as a witness (*see* CPLR 3020 [a]; *see also Matter of Peck v Cargill*, 167 NY 391, 394-395 [1901]). As adultery is still a crime (*see* Penal Law § 255.17), defendant would not be required to testify concerning allegations of an illicit affair (*see* US Const 5th Amend; NY Const, art I, § 6; CPLR 4501). While a defendant need not verify the privileged portion of the answer, the remainder of the answer must be verified (*see Knight v Maybee*, 44 Misc 2d 152, 155-156 [1964]; Siegel, NY Prac § 232 [4th ed]). Here, defendant was required to verify all but her response to the allegations implicating her in adulterous conduct.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the second affirmative defense as to the constructive abandonment cause of action and the fourth and fifth affirmative defenses in their entirety; said affirmative defenses dismissed and defendant is required to verify all portions of her answer except those responding to allegations of adultery; and, as so modified, affirmed.