■ KEVIN K. DODD, Appellant, v CHERYL C. COLBERT, Respondent. [911 NYS2d 712]—

McCarthy, J. Appeal from an order of the Supreme Court (Work, J.), entered March 9, 2010 in Ulster County, which denied plaintiff's motion for partial summary judgment and severance.

The parties were married in 2001 and separated in 2005. In 2008, plaintiff commenced this divorce action alleging constructive abandonment and cruel and inhuman treatment. After this Court dismissed some of defendant's affirmative defenses (*Dodd v Colbert*, 64 AD3d 982 [2009]), plaintiff moved to sever the grounds from all other issues and for partial summary judgment to dissolve the marriage on the ground of cruel and inhuman treatment. He based his motion solely on one paragraph of his amended complaint, which alleged that, starting in 2005, defendant "entered into an illicit sexual relationship with one Scott Sutton." Supreme Court denied the motion, prompting plaintiff's appeal.

Supreme Court properly denied plaintiff's motion because triable questions of fact exist. A ground for divorce is established if the plaintiff proves "cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). Allegations of suspected infidelity or an actual affair, when taken in concert with other factors, can make continued cohabitation unsafe or improper, rendering divorce on this ground appropriate (*see e.g. Freas v Freas*, 33 AD3d 1069, 1070-1071 [2006]; *Gentner v Gentner*, 289 AD2d 886, 887 [2001]). If, however, one party alleges adultery and the other party disputes those allegations, a trial is generally necessary to determine whether the plaintiff has established the ground of cruel and inhuman treatment (*see Nagerl v Nagerl*, 59 AD3d 834, 834-835 [2009]). While the parties here agree that defendant has some type of relationship with Sutton, they disagree about the nature of that relationship. Plaintiff asserts that it is a sexual affair and that defendant told him she was in love with another man back in 2005. Defendant denies plaintiff's allegations, calling Sutton a

"friend," but admits that Sutton has spent the night in her residence and gone on vacations with her. Although defendant did not verify the portion of her answer denying the paragraph at issue, this Court previously held that she was not required to verify allegations concerning adultery, as she would be privileged from testifying about that topic (*see* 64 AD3d at 984; *see also* CPLR 3020 [a]).

The parties also dispute the effect of defendant's alleged behavior on plaintiff's physical or mental well-being. Plaintiff contends that he suffered "great emotional pain and suffering," "substantial dismay" and stress over defendant's relationship with Sutton and repeatedly begged her to end it (*compare Jacob v Jacob*, 8 AD3d 725, 726 [2004]; *Wilkins v Wilkins*, 91 AD2d 771, 772 [1982]). Defendant contends that plaintiff has not been affected by her relationship, as noted by plaintiff participating in holiday events with Sutton and engaging in his own romantic relationships with other women. At a trial, Supreme Court could find that plaintiff has not established grounds if plaintiff fails to prove that defendant's conduct endangered his physical or mental well-being to a sufficient extent or if it appears that the real reason plaintiff filed for divorce was the lure of a paramour rather than defendant's cruel and inhuman treatment (64 AD3d at 983). Considering the parties' conflicting allegations and affidavits, the factual disputes in this case require a trial, necessitating denial of plaintiff's motion for partial summary judgment (*see Nagerl v Nagerl*, 59 AD3d at 834-835; *Barr v Barr*, 168 AD2d 886, 886-887 [1990]).

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.