Devine, J.
Appeals (1) from a judgment of the Supreme Court (Bartlett, J.), entered December 4, 2013 in Schoharie County, granting plaintiff a divorce and ordering, among other things, equitable distribution of the parties’ marital property, upon decisions of the court, and (2) from an order of said court, entered March 11, 2014 in Schoharie County, which, upon reargument, adhered to its original decision.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1991 and are the parents of three children. The wife commenced this divorce action in August 2010, alleging that she had been subjected to cruel and inhuman treatment. The husband answered and counterclaimed for divorce upon the same grounds. The parties appeared before Supreme Court in July 2012 and entered into a stipulation in which various issues were addressed, allegedly including a commitment by the husband to withdraw his answer and permit a divorce on the ground stated in the wife’s complaint. Although the husband was proceeding pro se at the *1383 time, he retained counsel for the ensuing trial on unresolved issues pertaining to maintenance and equitable distribution.
Supreme Court issued a decision after trial in May 2013, finding that the wife was entitled to a divorce on the ground stated in the complaint, distributing the marital property, directing the husband to pay durational maintenance, and referring issues regarding custody and child support to Family Court for resolution. The husband moved for renewal and/or reargument in July 2013 and asserted, among other things, that he had never agreed to withdraw his answer and permit a divorce on the ground stated in the complaint. Supreme Court granted that part of the motion seeking reargument and, upon reargument, adhered to its original decision.
Supreme Court then issued a judgment of divorce incorporating the terms of its May 2013 decision, as well as a qualified domestic relations order pertaining to the husband’s retirement benefit. In a separate order, Supreme Court granted the wife’s application for an award of counsel fees. Supreme Court further issued an order scheduling a hearing upon the wife’s motion to hold the husband in contempt for his failure to pay maintenance and counsel fees. The husband appeals from the divorce judgment.* The husband separately appeals from the order addressing his motion for renewal and reargument, which was not entered until March 2014.
The husband initially asserts that he did not enter into a valid stipulation. CPLR 2104 provides that agreements relating to any matter in an action are valid when “made between counsel in open court.” Contrary to the husband’s argument, CPLR 2104 applies because the stipulation was placed on the record and arose in the context of “a court convened, with or without a jury, to do judicial business” (Matter of Dolgin Eldert Corp., 31 NY2d 1, 4-5 [1972]; accord Diarassouba v Urban, 71 AD3d 51, 55 [2009], lv dismissed 15 NY3d 741 [2010]). Moreover, while CPLR 2104 refers to open court stipulations made by counsel, the husband was free to enter into such a stipulation without counsel given that he knowingly elected to proceed *1384 pro se (see Liquori v Liquori, 106 AD3d 1249, 1250-1251 [2013]; Jacobs v Jacobs, 229 AD2d 712, 714 [1996]). In short, we do not agree with the husband that the stipulation as a whole was defective.
That being said, the question remains as to whether the husband agreed to withdraw his answer as part of the stipulation. A valid stipulation must be construed “as an independent contract subject to settled principles of contractual interpretation” (McCoy v Feinman, 99 NY2d 295, 302 [2002]; see Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]). “As with a contract, courts should not disturb a valid stipulation absent a showing of good cause such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable or contrary to public policy; or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties’ agreement” (McCoy v Feinman, 99 NY2d at 302 [citations omitted]; see Matter of Kaczor v Kaczor, 101 AD3d 1403, 1404 [2012]).
The parties engaged in extensive negotiations regarding equitable distribution, maintenance and child support and, while they undoubtedly resolved many of those issues, there is no succinct and comprehensive summation of the terms of their agreement. What is clear, however, is that the record is essentially silent as to the fate of the husband’s answer. The only reference thereto was a brief comment by counsel for the wife, who expressed his belief that the husband had agreed to withdraw his answer and “go forward” on the complaint. The husband never confirmed that belief, nor were its implications explained to him. Silence by a pro se litigant on a seemingly offhand remark in the midst of involved negotiations cannot be said to be misleading and “may not be translated into acceptance merely because the offer purports to attach that effect to it,” creating an ambiguity in the terms of the stipulation (Matter of Albrecht Chem. Co. [Anderson Trading Corp.], 298 NY 437, 440 [1949]; compare Owens v Lombardi, 41 AD2d 438, 440-441 [1973], lv denied 33 NY2d 515 [1973]). The husband gave no indication that he understood the stipulation to include a commitment to withdraw his answer, telling Supreme Court that he found the stipulation as a whole acceptable despite having “[a] million” questions about it. Thereafter, while the husband retained counsel and submitted to a trial on unresolved economic issues, he repeatedly asserted that he had not withdrawn his answer and sought reargument of Supreme Court’s finding that he had done so (cf. Hallock v State of New York, 64 NY2d 224, 231 [1984]). Given the paucity of evidence to suggest that the husband actually agreed to withdraw his *1385 answer as part of the stipulation, Supreme Court erred in construing the stipulation in that manner (see e.g. Anostario v Anostario, 255 AD2d 777, 779-780 [1998]). Indeed, because the record establishes that the parties never came to a “meeting of the minds as to the essential terms of the” stipulation, it is not a binding agreement in any respect (May v Wilcox, 182 AD2d 939, 939 [1992]; see Winiarski v Duryea Assoc., LLC, 14 AD3d 697, 698 [2005]; compare Manning v Manning, 97 AD2d 910, 911 [1983]).
There has accordingly been no proper finding as to whether a divorce is appropriate, and we decline the husband’s invitation to invoke CPLR 3025 (c), conform the pleadings to the proof and grant a divorce on different grounds (see Murray v City of New York, 43 NY2d 400, 405 [1977]; Dougherty v Dougherty, 256 AD2d 714, 715 [1998]). The husband specifically seeks a finding that there had been an irretrievable breakdown in the marriage, but this action predates Domestic Relations Law § 170 (7), which only “applies] to matrimonial actions commenced on or after” October 12, 2010 (L 2010, ch 384, § 2; cf. Rinzler v Rinzler, 97 AD3d 215, 218 [2012] [first action for divorce predated the effective date of Domestic Relations Law § 170 (7), but second action did not]). In any event, the grounds for divorce were not in dispute at trial and his request is “inadequately supported by the present record” (Henderson v United Parcel Serv., 245 AD2d 789, 791 [1997]).
A trial is thus required to determine whether either party is entitled to a divorce, although we do not agree with the husband that remittal to a different judge is necessary (see e.g. Dodd v Colbert, 79 AD3d 1239, 1240 [2010]; Nagerl v Nagerl, 59 AD3d 834, 835 [2009]). Inasmuch as a trial is required on the fundamental issue of grounds, the husband’s remaining arguments “cannot be addressed at this juncture” (Nagerl v Nagerl, 59 AD3d at 835).
McCarthy, J.P., Egan Jr. and Clark, JJ., concur.
Ordered that the judgment and order are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

 The husband also sought to appeal from the qualified domestic relations order, as well as the orders awarding counsel fees and scheduling a contempt hearing, all of which were entered in December 2013. The divorce judgment was issued contemporaneously with those orders and subsumed them (see Matter ofAho, 39 NY2d 241, 248 [1976]). We therefore deem the appeal to be taken solely from the judgment (see CPLR 5520 [c]; Passalacqua v Passalacqua, 50 AD3d 1462, 1463 [2008]; Harrington v Harrington, 300 AD2d 861, 862 [2002]), which brings up for review those orders (see Armstrong v Armstrong, 72 AD3d 1409, 1410 n 1 [2010]; Finn v Finn, 277 AD2d 834, 835 n 2 [2000]).