Matter of Adam V. v Ashli W. (2020 NY Slip Op 01231)





Matter of Adam V. v Ashli W.


2020 NY Slip Op 01231


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528278

[*1]In the Matter of Adam V., Respondent,
v
Ashli W., Appellant. (And Two Other Related Proceedings.)

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


The Trataros Law Firm, PLLC, Kingston (Daniel Gartenstein, Kingston, of counsel), for appellant.
Steven Gottlieb, Kingston, for respondent.
Rekha Nori, Kingston, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an amended order of the Family Court of Ulster County (Savona, J.), entered April 17, 2018, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2014). In July 2016, the father submitted an emergency petition for sole legal and physical custody. In December 2016, Family Court issued an order of custody on consent, ordering joint legal custody with primary physical custody to the father. Family Court also detailed, among other things, the custodial time that the mother and the father would share with the child. The father then filed a petition, in October 2017, to modify the prior order. The following month, the mother cross-petitioned to modify the order. In February 2018, the father filed a second petition. In March 2018, the parties reached a settlement regarding the modification petitions. The attorneys delineated their settlement agreement on the record, including details of the custodial time each parent will have with the child, and that the mother's parenting time would increase to a 50-50 split when and if she moved to the child's designated school district and proved her residency. After the hearing, the father submitted a proposed order. Thereafter, the mother submitted a letter to Family Court objecting to the proposed order, alleging that it did not accurately reflect the terms of the settlement agreement. In response, in April 2018, Family Court issued an amended order of custody and visitation that awarded the parties joint legal custody of the child with the father having physical custody and the mother having specified parenting time, with such parenting time to change upon the mother's relocation to the child's school district. The mother then moved to vacate the April 2018 amended order on the ground that it did not accurately reflect the terms of the settlement as it had been read onto the record. Family Court denied the mother's motion. The mother appeals from the April 2018 amended order.
The mother argues that she did not consent to the terms of the April 2018 order as it does not accurately reflect the settlement agreement, specifically with respect to exchange times upon her relocation to the child's school district and as to the proof required for her to show she had in fact relocated. The attorney for the child supports the mother's argument, stating that the mother did not consent to the amended custodial time as it is reflected in the order. The father argues that the mother agreed to the terms articulated and the amended order was drafted pursuant to such agreement.
"[N]o appeal lies from an order entered upon the consent of the appealing party, since a party who consents to an order is not aggrieved thereby" (Matter of Nakas v Nakas, 159 AD3d 908, 910 [2018]; see CPLR 5511; Matter of Barnes v Abrams, 124 AD3d 1000, 1001 [2015]), "except to the extent that it differs from or exceeds the consent" (Hatsis v Hatsis, 122 AD2d 111, 111 [1986]; accord Silber v Silber, 204 AD2d 527, 528 [1994], lv dismissed 85 NY2d 856 [1995]). Family Court's characterization that an order is based on consent is not controlling when the record shows a party objected to the order (see Matter of Daniel W. v Kimberly W., 135 AD3d 1000, 1001 [2016]).
A review of the record reveals that, during the placement of the agreement upon the record, the mother objected to the exchange times stating that she would be "hard pressed to make 9:00 a.m. on Sundays." The mother also sought clarification as to the documentation required to prove a change of residency. Upon receipt of the proposed order, Family Court was notified of the mother's objections by written correspondence, specifically, that the mother objected to the father's exchange times and, further, to providing multiple documents to prove her residency. The mother clearly did not consent to the terms contained in the amended order, and, thus said order is appealable.
"Because stipulations of settlement promote judicial economy and predictability in litigation, they are favored by the courts and are generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court" (Matter of Badruddin, 152 AD3d 1010, 1013-1014 [2017] [internal quotation marks and citations omitted], lv dismissed 30 NY3d 1080 [2018]; see Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]). Stipulations are validly made when parties "freely negotiate and underst[and] the stipulation" (Matter of Badruddin, 152 AD3d at 1014; see CPLR 2104), and "must be construed as an independent contract subject to settled principles of contractual interpretation . . ., [which] courts should not disturb . . . absent a showing of good cause" (Fulginiti v Fulginiti, 127 AD3d 1382, 1384 [2015] [internal quotation marks and citations omitted]; see Matter of Lerman v Haines, 85 AD3d 1248, 1248-1249 [2011]). When construing a stipulation made in open court, a court should construe it "in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole" (Hannigan v Hannigan, 50 AD3d 957, 958 [2008]; see Fulginiti v Fulginiti, 127 AD3d at 1385).
During the open court session, it was the father's attorney who stated that the mother would have a 50-50 custodial split for the custody schedule when she relocates to the child's school district, specifying that both parties would have "[an] equal split of time" and that this would be reflected "down to the hour." Additionally, the mother's attorney requested that all custodial exchange hours be changed to 10:00 a.m., in order to provide that the mother and the father would share exactly the same amount of custodial time. Similarly, the father's attorney was the one who stated that the mother would have to provide "a utility bill" to prove her residency when she moves. When Family Court explained the terms to the mother, it also stated that she shall "provid[e] proof of [residence] . . . by way of a utility bill" or lease. Both the father's attorney and Family Court thus explained that the mother would have to provide a single utility bill or lease, and these are the terms to which the mother agreed. Lastly, the mother objects to the inclusion of the provision related to third parties transporting the child to the exchanges. The record is clear that this was never addressed and was not part of the parties' settlement agreement. Therefore, it should not have been included in the amended order.
Consequently, because the amended order failed to set forth the terms to which the parties agreed in open court, it is modified to provide that, upon the mother's relocation to the child's school district on a full-time basis, all exchanges for each parent shall be at 10:00 a.m., and the provision concerning third parties transporting the child is deleted. In addition, proof of the mother's relocation shall be shown by either a utility bill or a lease.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the amended order is modified, on the facts, without costs, as specifically set forth in this Court's decision, and, as so modified, affirmed.