■ SHIRLEY G. SICZEWICZ, Appellant, v MICHAEL J. SICZEWICZ, Respondent. — In a matrimonial action, plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated January 28, 1982, as, after a nonjury trial, dismissed those branches of her complaint which sought a divorce on the ground of cruel and inhuman treatment, equitable distribution of marital property and an award of maintenance. Judgment reversed, insofar as appealed from, on the law and the facts, with costs, divorce granted to plaintiff against defendant on the ground of cruel and inhuman treatment and matter remitted to the Supreme Court, Westchester County, for determination of the issues of equitable distribution of the marital property and maintenance. In our opinion, the evidence adduced at the trial clearly supports a finding that plaintiff was entitled to a divorce from defendant on the ground of cruel and inhuman treatment. The proof in the case at bar established more than the mere incompatibility of the parties (*Middleton v Middleton,* 35 AD2d 371) or occasional marital discord (*Rios v Rios,* 34 AD2d 325, affd 29 NY2d 840). It established matrimonial demise (*Berlin v Berlin,* 64 Misc 2d 352, mod on other grounds 36 AD2d 763, mot for lv to app dsmd 28 NY2d 986). The parties were married on April 19, 1950, and have five children, whose ages ranged from 19 to 30 at the time of the trial in November, 1981. There was evidence that for an extended period of time the defendant demonstrated a deliberately hostile and rude course of conduct calculated to create unhappiness and suffering to

plaintiff. His many actions, such as his refusal to eat with plaintiff, his rude and callous comments to plaintiff in front of the children, his refusal to provide heat in the winter and his continuous psychological torture reflect the morbidity of the marital relationship (*Berlin v Berlin, supra*). There was also testimony that despite the fact that plaintiff has cancer, defendant struck plaintiff in the face, causing a black eye, that on another occasion he physically kicked her out of bed and that on still another occasion he closed a drawer on her hand, causing her great pain and bleeding. Special Term found that defendant's conduct "could hardly be classified as sympathetic or supportive". The fact that defendant failed to provide assistance or emotional support to plaintiff when her mother died, as evidenced by the fact that he did not attend the funeral, could be classified as unsympathetic or unsupportive. However, defendant's attitude toward plaintiff when she was in the hospital for cancer surgery and his leaving her without assistance when she returned home, as well as the type of comments attributed to him, suggests an insensitivity and indifference which can only be equated with calculated cruelty (*Berlin v Berlin, supra*). The matter must now be remitted for determination of the issues of equitable distribution of the marital property and maintenance. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.