■ Eva Meyn, Appellant, v Eric Meyn, Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated January 25, 1985, which dismissed her complaint for failure to state a cause of action for a divorce on the ground of cruel and inhuman treatment.

Order affirmed, without costs or disbursements.

Cruel and inhuman treatment is more than the mere incompatibility of the parties or occasional marital discord *(Rios v Rios,* 34 AD2d 325, *affd* 29 NY2d 840; *Siczewicz v Siczewicz,* 92 AD2d 915). Domestic Relations Law § 170 (1) requires "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant." Thus, the conduct complained of must be of such a substantial nature that, in essence, it goes to the very heart of the marital relationship. Further, the type of conduct which will support a cause of action for cruel and inhuman treatment must be conduct which affects the safety and propriety of cohabitation *(see, Siczewicz v Siczewicz, supra).*

This court has held that although it is not necessary to show actual violence, there must be either a reasonable apprehension of such violence or conduct of such a character that seriously affects the health of the spouse and threatens to permanently impair it *(see, Rios v Rios, supra).*

The allegations contained in the plaintiff's complaint fall short of the statutory standard.

Half of the allegations relate to events surrounding the execution of a separation agreement. At best they constitute potential defenses to an action for divorce based on a separation agreement under Domestic Relations Law § 170 (6), but in no sense are they acts of "calculated cruelty" *(Siczewicz v Siczewicz, supra,* at p 916). In the remaining allegations, the plaintiff offered only generalizations of alleged threats; no dates, time or places are suggested *(see,* CPLR 3016 [c]).

Moreover, the allegation that the defendant had not sought to reconcile is irrelevant. There is no statute, case authority or public policy of this State which mandates that spouses attempt to reconcile. Even if we assume the allegations to be true, they are clearly insufficient to establish a cause of action for divorce on the ground of cruel and inhuman treatment.

Finally, the plaintiff is collaterally estopped from alleging facts and issues in her complaint which have been specifically and necessarily determined against her after a full and complete hearing in the prior action between the same parties *(see, Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11). The record is clear that the plaintiff herself, in a prior action, raised the very issues of fraud and deceit in regard to the execution of a separation agreement that she now raises in her complaint in this action. These issues were necessarily decided against her in that prior action and the plaintiff was afforded a full and complete hearing at that time. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.