■ ALLYSON PERESS, Respondent, v HERBERT A. PERESS, Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered on September 10, 1990, which, *inter alia,* denied defendant's motion pursuant to CPLR 3211 (a) (7) and Domestic Relations Law § 210 for an order dismissing the plaintiff's complaint on the ground that it fails to state a cause of action and on the ground that the action is time-barred, and order of the same court and Justice, entered on November 8, 1990, which granted plaintiff's motion for additional *pendente lite* relief to the extent of awarding interim accounting fees in the amount of $5,000, unanimously affirmed, without costs.

In determining whether or not the plaintiff wife has adequately pleaded a cause of action for divorce on the basis of cruel and inhuman treatment (see, Domestic Relations Law § 170 [1]), the IAS court is permitted broad discretion in balancing the several factors in each case (Hessen v Hessen, 33 NY2d 406). We find that the IAS court did not err in determining that the complaint adequately alleges acts of cruel and inhuman treatment that form a continuous course of conduct extending into the five-year limitation period established in Domestic Relations Law § 210 (see, Grubman v Grubman, 156 AD2d 200).

The plaintiff wife sufficiently demonstrated a need for expert accounting assistance, and interim fees were appropriately awarded (see, Dzembo v Dzembo, 160 AD2d 1144). The issue of whether or not the defendant husband's business is separate property (see, Price v Price, 69 NY2d 8) cannot be resolved on this record, and need not be resolved before interim accounting fees are awarded. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.