■ Suzanne F. Hirschhorn, Respondent, v Ira Hirschhorn, Appellant. [599 NYS2d 613] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated June 12, 1991, as denied his motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint for failure to state a cause of action, the court must examine the four corners of the complaint and give the plaintiff the benefit of every possible favorable inference. As long as a cause of action exists, the complaint should not be dismissed for inartful pleading *(Rovello v Orofino Realty Co.,* 40 NY2d 633). The court must accept the facts alleged in the complaint as true and then determine whether those facts fit within any cognizable legal theory *(Klondike Gold v Richmond Assocs.,* 103 AD2d 821). Applying that standard to the case at bar, we find that on its face, the complaint states a cause of action for divorce on the ground of cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1).

It is well settled that a plaintiff seeking a divorce on the ground of cruel and inhuman treatment must demonstrate serious misconduct on the part of the defendant, not mere incompatibility or that the marriage is "dead" *(Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406). The conduct complained of must be a course of conduct that constitutes calculated cruelty so as to render cohabitation "unsafe or improper" *(Sanford v Sanford,* 176 AD2d 932; *Meyn v Meyn,* 119 AD2d 644).

In the instant case, the wife alleged with sufficient specificity and date references that, among other things, the husband tried to physically hang the wife by her feet; that in violation of a court order of protection the husband grabbed the wife, causing a contusion, and grabbed a daughter with force; that the husband was unsupportive of the wife when she was having surgery to remove a possibly malignant tumor from the nerve endings of her spine; that he ridiculed the wife in public; and that he forbade her from seeing her friend because the friend gave her "ideas". Accepting the allegations as true for the purpose of the motion to dismiss, the wife stated a cause of action for divorce on the ground of cruel and inhuman treatment. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.