■ BERYL MAIDA, Respondent, v MICHAEL MAIDA, Appellant. [611 NYS2d 227] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Queens County (Dunkin, J.), entered July 1, 1992, which granted the plaintiff wife's motion for summary judgment on her causes of action for divorce based upon (1) cruel and inhuman treatment, and (2) the parties having lived separate and apart pursuant to a judgment of separation for a period of one or more years, and for the dismissal of the defendant's affirmative defenses to those causes of action, and denied the defendant's cross motion for sanctions and attorney's fees.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting summary judgment in favor of the plaintiff dissolving the parties' marriage by reason of (1) cruel and inhuman treatment, and (2) the parties having lived separate and apart pursuant to a judgment of separation for a period of one or more years, and substituting therefor a provision dismissing the first and second causes of action asserted in the complaint; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in granting the plaintiff summary judgment on her first and second causes of action for divorce. A plaintiff seeking a divorce pursuant to Domestic Relations Law § 170 (1) "must show serious misconduct, and not mere incompatibility" (Brady v Brady, 64 NY2d 339, 343). The defendant must have engaged in a course of conduct harmful to the physical or mental health of the plaintiff making cohabitation unsafe or improper (see, Meyn v Meyn, 119 AD2d 644; Tsakis v Tsakis, 110 AD2d 763). The ground of cruel and inhuman treatment does not authorize the granting of a divorce merely because a marriage is "dead" (see, Tsakis v Tsakis, supra, at 764). Here, the plaintiff has essentially alleged nothing more than that defendant refused to give her a divorce. Her allegations that his refusal is based on vindictiveness and an intent to hurt her did not rise to the level of cruel and inhuman treatment.

As to the second cause of action, the order and judgment (one paper) of the Supreme Court, Suffolk County, dated June 15, 1983, which, inter alia, dismissed the plaintiff's prior action for divorce, cannot be considered "a decree or judgment

of separation" such as would entitle the plaintiff to a conversion divorce pursuant to Domestic Relations Law § 170 (5).

We have reviewed the remaining requests for sanctions and attorney's fees and find that they were properly denied. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.