■ ANET WANSER, Respondent, v ROY WANSER, Appellant.

[625 NYS2d 90] —In an action for divorce and ancillary relief, the husband appeals, as limited by his notices of appeal and brief, from (1) so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 8, 1993, as denied his motion to dismiss the amended complaint and awarded the wife pendente lite counsel and experts' fees, and (2) so much of an order of the same court, dated September 23, 1993, as denied his motion for blood testing of the parties and their child.

Ordered that the order dated April 8, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 23, 1993, is reversed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for the appointment of a Law Guardian and for further proceedings consistent herewith; and it is further,

Ordered that the respondent is awarded one bill of costs.

We reject the defendant's contention that the plaintiff's allegations of cruel and inhuman treatment and constructive abandonment are not sufficient to sustain causes of action pursuant to Domestic Relations Law § 170 (1) and (2). In determining a motion to dismiss an action for failure to state a cause of action, the allegations in the complaint must be accepted as true (Horvath v Horvath, 177 AD2d 617). The plaintiff's 28 allegations of cruel and inhuman treatment by the defendant, if accepted as true, establish a pattern of conduct that has endangered and continues to endanger the plaintiff's physical and mental well-being (Hessen v Hessen, 33 NY2d 406). Likewise, the plaintiff's allegations, if accepted as true, establish that the defendant refused sexual relations with her for the required time period and that his refusal was willful, continued, and unjustified (Ostriker v Ostriker, 203 AD2d 343).

The defendant contends that the Supreme Court should have directed the parties and their child to submit to blood testing in order to determine paternity. While the ordering of blood tests may be warranted in this case, a hearing is necessary to determine that issue. Therefore, a Law Guardian must be appointed to protect the interests of the child (see, Golser v Golser, 115 AD2d 695; Michaella M. M. v Abdel Monem El G., 98 AD2d 464). Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for the appointment of a Law Guardian and for a hearing and determi-

nation of the husband's motion for blood testing of the parties and their child.

The defendant's remaining contentions are without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.