■ Susan P. Martin, Respondent, v Wayne Martin, Appellant. [639 NYS2d 697] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 19, 1994, which denied his motion to disqualify the plaintiff's attorney.

■ Susan P. Martin, Respondent, v Wayne Martin, Appellant. [638 NYS2d 674] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated September 3, 1993, as (a) granted the branches of the plaintiff's omnibus motion for pendente lite relief which were for an award of child support arrears in the sum of $1,930 under a separation agreement between the parties and moving costs in the sum of $1,000, and to direct him to deliver to the plaintiff a deed to the marital residence located at 36 Kensington Road, Garden City, New York, and (b) denied his cross motion for temporary custody of the parties' three minor children and the appointment of a law guardian for the children, and (2) from stated portions of an order of the same court, dated December 21, 1993, which, *inter alia,* granted the branches of the plaintiff's omnibus motion for pendente lite relief which were to enforce so much of the order dated September 3, 1993, as directed the payment of child support arrears in the sum of $1,930 and moving costs in the sum of $1,000, for child support in the sum of $445 per week, and to dismiss his fifth counterclaim.

Ordered that the appeal from so much of the order dated September 3, 1993, as granted the branches of the plaintiff's

omnibus motion for pendente lite relief which were for child support arrears in the sum of $1,930 and moving costs in the sum of $1,000 is dismissed, as those portions of that order were superseded by the order dated December 21, 1993; and it is further,

Ordered that the order dated September 3, 1993, is modified by deleting the provision thereof granting the branch of the plaintiff's motion which was to direct the defendant to deliver to the plaintiff a deed to the marital residence located at 36 Kensington Road, Garden City, New York, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated September 3, 1993, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated December 21, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant failed to provide evidence to demonstrate that the pendente lite child support award constituted an improvident exercise of discretion (*see, Entin v Entin,* 204 AD2d 385; *Filosa v Raven-Filosa,* 185 AD2d 225; *Guiry v Guiry,* 159 AD2d 556). In addition, the Supreme Court properly exercised its discretion in awarding temporary custody of the infant children of the parties to the plaintiff (*see, Asteinza v Asteinza,* 173 AD2d 515, 516; *Tweed v Tweed,* 147 AD2d 556, 557).

Although the plaintiff may be entitled to the deed to the marital residence located at 36 Kensington Road pursuant to the terms of the parties' separation agreement, under the circumstances, this issue is best resolved at the trial of the action rather than as part of a pendente lite award (*see generally, Shankles v Shankles,* 173 AD2d 461).

The Supreme Court properly dismissed the defendant's fifth counterclaim for divorce on the ground of cruel and inhuman treatment. It is well settled that a party seeking a divorce on the ground of cruel and inhuman treatment must demonstrate serious misconduct on the part of the other spouse, not mere incompatibility or that the marriage is "dead" (*see, Brady v Brady,* 64 NY2d 339, 343). The conduct complained of must be a course of conduct that constitutes calculated cruelty so as to render cohabitation "unsafe or improper" (*see, Maida v Maida,* 203 AD2d 537; *Hirschhorn v Hirschhorn,* 194 AD2d 768, 769; *Sanford v Sanford,* 176 AD2d 932, 933; *Meyn v Meyn,* 119 AD2d 644). Here, although the defendant alleged that the plaintiff had physically injured him, the plaintiff submitted a physician's affidavit that such an injury could not have occurred in the manner alleged by the defendant. The defendant submit-

ted no papers to rebut this contention. The defendant's allegation that the plaintiff moved out of the marital residence sets forth a possible cause of action for divorce based on abandonment under Domestic Relations Law § 170 (2), but not on the ground of cruel and inhuman treatment. The defendant's remaining allegation failed to specify the time and place of the alleged cruel and inhuman conduct as required by CPLR 3016 (c).

The defendant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.