HARVEY M. SHAPIRO et al., Appellants, v MICHAEL W. JACKEL, Respondent. [884 NYS2d 454]—

In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 4, 2008, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action is denied.

The plaintiffs commenced this action, inter alia, to permanently enjoin the defendant from interfering with their use of what they refer to as "Daisy Lane" as a means of access to their own property. Insofar as there is some dispute among the parties as to the precise location and extent of "Daisy Lane," for present purposes, we need not resolve this disagreement. The plaintiffs claim that there is an easement on the defendant's property which allows them to use "Daisy Lane" to access their property. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, arguing that the plaintiffs do not have such an easement. The Supreme Court granted the motion. We reverse.

"Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (*Steve Elliot, LLC v Teplitsky,* 59 AD3d 523, 524 [2009]; *see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Fishberger v Voss,* 51 AD3d 627, 628 [2008]; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.,* 46 AD3d 530 [2007]). " '[U]nless it has been shown that a material fact as claimed by the [plaintiffs] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate' " (*Steve Elliot, LLC v Teplitsky,* 59 AD3d at 524, quoting *Guggenheimer v Ginzburg,* 43 NY2d at 275). Applying this standard here, the defendant failed to demonstrate that no significant dispute exists regarding whether the plaintiffs, in fact, have an easement upon "Daisy Lane" (*see Starcic v Hardy,* 31 AD3d 630 [2006]). To the extent that the defendant argues that, in opposing his CPLR 3211 (a) (7) motion, the plaintiffs were required to establish their prima facie case by demonstrating the existence of the alleged easement, that contention is without merit. Accordingly, the Supreme Court should have denied the defendant's motion. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.