ROBIN FASCIANO GIANIS, Appellant, v ALEXANDER GIANIS, Respondent. [890 NYS2d 568]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated January 13, 2009, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's first cause of action for a divorce on the ground of cruel and inhuman treatment and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that a subsequent order of the same court, entered February 27, 2009, in effect, directing dismissal of the complaint is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In determining a motion to dismiss a complaint for failure to state a cause of action, the allegations in the complaint must be accepted as true (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Wanser v Wanser*, 214 AD2d 611 [1995]). The court "must examine the four corners of the complaint, and give the plaintiff the benefit of every possible favorable inference" (*Hirschhorn v Hirschhorn*, 194 AD2d 768, 768 [1993]; *see Leon v Martinez*, 84 NY2d 83 [1994]). In determining whether a cause of action for divorce based on cruel and inhuman treatment has been adequately pleaded the court is "permitted broad discretion in balancing the several factors in each case" (*Peress v Peress*, 176 AD2d 191, 192 [1991]). The issue at the pleading stage is not whether the plaintiff is "entitled to a divorce, but whether [he or she] has set forth a cause of action for divorce" (*Haydock v Haydock*, 222 AD2d 554, 556 [1995]).

Applying this standard to the instant matter, the Supreme Court incorrectly granted that branch of the defendant's motion which was to dismiss, for failure to state a cause of action, the plaintiff's first cause of action for a divorce on the ground of cruel and inhuman treatment. The plaintiff's allegations, which must be accepted as true for the purpose of deciding the motion, set forth a course of conduct by the defendant which was detrimental to her mental and physical well-being, so as to render it unsafe or improper for the parties to continue to co-habit (*see* Domestic Relations Law § 170 [1]; *Justin v Justin*, 47 AD3d 615 [2008]; *Cauthers v Cauthers*, 32 AD3d 880 [2006]; *Haydock v Haydock*, 222 AD2d at 556; *Hirschhorn v Hirschhorn*, 194 AD2d 768 [1993]). Moreover, the plaintiff also submitted an affidavit in opposition to the defendant's motion, in which she explained that she had to seek psychological and medical treatment as a result of the stress she allegedly sustained due to the defendant's purported cruelty. Since evidentiary material submitted by the plaintiff may be considered to remedy any defects in the complaint (*see Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161-162 [1997], *cert denied* 522 US 967 [1997]), even if the complaint were somehow facially insufficient, the Supreme Court improperly granted that branch of the defendant's motion which was to dismiss the first cause of action seeking a divorce on the ground of cruel and inhuman treatment (*see Nolletti v Nolletti*, 2 AD3d 421 [2003]; *Steinberger v Steinberger*, 248 AD2d 706 [1998]).

In addition, contrary to the defendant's contention, the plaintiff's allegations were specific enough to comply with CPLR

3016 (c), in that they "sufficiently apprised the [defendant] of the accusations against him so as to enable him to prepare a defense" (*Nolletti v Nolletti*, 2 AD3d at 422; *see Steinberger v Steinberger*, 248 AD2d at 707).

With respect to the plaintiff's second cause of action seeking a divorce on the ground of constructive abandonment, Domestic Relations Law § 170 (2) provides that a divorce may be obtained when "[t]he abandonment of the plaintiff by the defendant [is] for a period of one or more years." "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (*Steve Elliot, LLC v Teplitsky*, 59 AD3d 523, 524 [2009]; *see Shapiro v Jackel*, 65 AD3d 578, 579 [2009]). The defendant's conduct in refusing to engage in sexual relations must have been unjustified and without the consent of the plaintiff in order for the plaintiff to have a cause of action pursuant to Domestic Relations Law § 170 (2) (*see Schine v Schine*, 31 NY2d 113, 119 [1972]; *Gulati v Gulati*, 60 AD3d 810 [2009]). The Supreme Court properly determined that evidentiary proof submitted by the defendant, consisting of orders of protection restraining him from contacting the plaintiff less than one year after the period of constructive abandonment was alleged to have commenced, provided justification for any constructive abandonment (*see Shapiro v Jackel*, 65 AD3d 578 [2009]; *McMahon v McMahon*, 42 AD3d 787, 790 [2007]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the second cause of action. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.