OPINION OF THE COURT
Robert J. Muller, J.
The parties were married on May 25, 1963 and plaintiff now seeks a divorce based upon the newly enacted no-fault grounds contained within Domestic Relations Law § 170 (7).[1] In lieu of an answer, defendant now moves to dismiss the complaint, contending (1) that the complaint lacks specificity (see CPLR 3016 [c]); (2) that the conduct alleged in the complaint is barred *260 by the five-year statute of limitations (see Domestic Relations Law § 210 [a]); and (3) that the complaint fails to state a cause of action for divorce under Domestic Relations Law § 170 (7). Additionally, to the extent that the motion presents factual issues, defendant requests that it be treated as one for summary judgment (see CPLR 3211 [c]) and, further, that judgment be granted in his favor.
Effective relative to actions commenced on or after October 12, 2010, Domestic Relations Law § 170 (7) permits divorce where “[t]he relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath.” This additional ground for divorce has given parties the option of securing a divorce without alleging fault.
In determining a motion to dismiss a complaint for failure to state a cause of action, the allegations in the complaint must be accepted as true (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Wanser v Wanser, 214 AD2d 611 [1995]). The court “must examine the four corners of the complaint and give the plaintiff the benefit of every possible favorable inference” (Hirschhorn v Hirschhorn, 194 AD2d 768, 768 [1993]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). To that end, the issue is not whether the plaintiff is “entitled to a divorce, but whether he [or she] has set forth a cause of action for divorce” (Haydock v Haydock, 222 AD2d 554, 556 [1995]). Additionally, in determining whether plaintiff has adequately pleaded that the marriage “has broken down irretrievably” (Domestic Relations Law § 170 [7]), the court is “permitted broad discretion in balancing the several factors in [the] case” (Peress v Peress, 176 AD2d 191, 192 [1991]).
Here, the allegations in the complaint are as follows:
“The relationship between husband and wife has broken down such that it is irretrievable and has been for a period of at least six months. For a period of time greater than six months, Defendant and Plaintiff have had no emotion in their marriage, and have kept largely separate social schedules and vacation schedules. Each year Plaintiff and Defendant live separately throughout most of the winter months. Though they share the residence for several months out of the year, Plaintiff and Defendant have not lived as husband and wife for a period of time greater than six months. Plaintiff believes the relationship between she and Defendant has broken *261 down such that it is irretrievable and that the relationship has been this way for a period of time greater than six months.”
Applying the liberal standard set forth above, the court finds these allegations to be sufficiently specific under CPLR 3016 (c). The court further finds that the allegations meet the additional pleading requirement of having been “stated under oath” (Domestic Relations Law § 170 [7]). The complaint was verified by plaintiff and, as set forth in CPLR 3020 (a), “[a] verification is a statement under oath that the pleading is true to the knowledge of the deponent. . . .” The verification makes the pleading sworn data and, therefore, is the equivalent of an affidavit and may be used for the same purposes (see CPLR 105 [u] [“A ‘verified pleading’ may be utilized as an affidavit whenever the latter is required”]).
With reference to defendant’s claim that the statute of limitations has run against plaintiffs cause of action, Domestic Relations Law § 210 (a) provides that “[n]o action for divorce . . . may be maintained on a ground which arose more than five years before the date of the commencement of that action for divorce . . . except where . . . the grounds therefor are one of those specified in [Domestic Relations Law § 170] (2), (4), (5) or (6) . . . .” The grounds specified in Domestic Relations Law § 170 (7) are absent from Domestic Relations Law § 210 (a), which absence allows no conclusion other than it was the Legislature’s intent to exclude it. Indeed, where “a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665 [1988] [internal quotation marks and citations omitted]; accord Matter of Collins v Dukes Plumbing & Sewer Serv., Inc., 75 AD3d 697, 699-700 [2010]; see McKinney’s Cons Laws of NY, Book 1, Statutes § 74). The court therefore finds that the grounds set forth in Domestic Relations Law § 170 (7) are subject to a five-year statute of limitations (see Domestic Relations Law § 210 [a]). With that said, inasmuch as the record reveals several instances of matrimonial discord that occurred within the past five years, the court finds that plaintiffs cause of action is not barred by the applicable statute of limitations. Additionally, to the extent that some instances of matrimonial discord occurred more than five years ago, the court finds such instances to be part of a continuing course of *262 conduct (cf. McKilligan v McKilligan, 156 AD2d 904, 907 [1989]).
Having thus disposed of the pleading issues framed by CPLR 3016 (c) and the statute of limitations issues of Domestic Relations Law § 210 (a), the court now finds itself with the task of determining whether plaintiffs unilateral statement under oath is irrefutable, as plaintiff suggests, or if defendant is to be afforded the same procedural and substantive due process as is available for any other cause of action in our jurisprudence.
The legislative history pertaining to Domestic Relations Law § 170 (7) contains a wide ranging catalogue of submissions from numerous private individuals, organizations, legislators, and agencies throughout New York State. Those supporting passage of the legislation establishing this new cause of action generally applauded the fact that a no-fault based divorce would lessen litigation which they described, accurately in this court’s view, as time consuming and expensive for all, including the judiciary. Those urging passage also frequently addressed the requirement of having to testify, stating that “[f]or victims of domestic violence, the requirement to prove fault and engage in extensive litigation in what is already a traumatic and dangerous situation adds an additional burden for women and children caught in domestic abuse situations” (Letter from Senator Ruth Hassell-Thompson, Aug. 5, 2010, at 1, Bill Jacket, L 2010, ch 384). Clearly the tenor of such support, as voiced to and by members of the Legislature, was with an expectation that the allegation, in and of itself, would not be subjected to the rigors of any defense, any motions, the requirement of any testimony and certainly not the scrutiny of any factfinder. Other observations were that a true no-fault statute would make the allegation irrefutable since anything less still enables the nonconsenting spouse to compel the type of motion practice that is presented here or, far more complex, a trial with all of its attendant financial and emotional costs.
This notwithstanding, it appears that Domestic Relations Law § 170 (7) is not a panacea for those hoping to avoid a trial. Rather, it is simply a new cause of action subject to the same rules of practice governing the subdivisions which have preceded it. Specifically, Domestic Relations Law § 173 provides that “[i]n an action for divorce there is a right to trial by jury of the issues of the grounds for granting the divorce” and, here, the Legislature failed to include anything in Domestic Relations Law § 170 (7) to suggest that the grounds contained therein are *263 exempt from this right to trial. Had it intended to abolish the right to trial for the grounds contained within Domestic Relations Law § 170 (7), it would have explicitly done so.[2]
Insofar as the phrase “broken down irretrievably” is nowhere defined in the statute, the determination of whether a breakdown of a marriage is irretrievable is a question to be determined by the finder of fact. This court does hold, however, that whether a marriage is so broken that it is irretrievable need not necessarily be so viewed by both parties. Accordingly, the fact-finder may conclude that a marriage is broken down irretrievably even though one of the parties continues to believe that the breakdown is not irretrievable and/or that there is still some possibility of reconciliation.
Having found that Domestic Relations Law § 173 is applicable to Domestic Relations Law § 170 (7), this court now examines the instant motion to dismiss as a motion for summary judgment under CPLR 3211 (c) and finds questions of fact rendering it inappropriate to award judgment to defendant as a matter of law. The court recognizes, however, that it is in the parties’ best interest to expeditiously dispose of this controversy and thus orders that there be an immediate trial on the precise issue raised in defendant’s motion, namely, whether “[t]he relationship between husband and wife has broken down irretrievably for a period of at least six months.” (Domestic Relations Law § 170 [7].)
Therefore, having considered the affirmation of Veronica Carrozza O’Dell, Esq., dated November 9, 2010, submitted in support of the motion; affidavit of Jeremiah F. Strack with exhibits attached thereto, sworn to November 9, 2010, submitted in support of the motion; memorandum of law of Veronica Carrozza O’Dell, Esq. with exhibit attached thereto, dated November 9, 2010, submitted in support of the motion; affirmation of Tina J. *264 Soloski, Esq., sworn to November 24, 2010, submitted in opposition to the motion; affidavit of Judith A. Struck, sworn to November 23, 2010, submitted in opposition to the motion; reply affidavit of Jeremiah E Struck with exhibit attached thereto, sworn to December 1, 2010; reply affidavit of James E. Morganson with exhibit attached thereto, sworn to November 30, 2010; and reply memorandum of law of Veronica Carrozza O’Dell, Esq., dated December 1, 2010, it is hereby ordered that defendant’s motion to dismiss is denied in its entirety; and it is further ordered that defendant’s motion for summary judgment is denied in its entirety; and it is further ordered that there shall be an immediate trial on the issue of whether the relationship between husband and wife has broken down irretrievably for a period of at least six months; and it is further ordered that parties shall appear at the Essex County Courthouse on February 16, 2011 at 9:30 a.m. for the purpose of fixing a date for trial on the sole issue of grounds as indicated above; and it is further ordered that any relief not specifically addressed herein has nonetheless been considered and is expressly denied.

. This is the third divorce action plaintiff has commenced. She commenced divorce actions in 1986 and 1990, respectively, both of which were voluntarily discontinued. These previous actions were premised upon the grounds of cruel and inhuman treatment (see Domestic Relations Law § 170 [1]).

. That which the Legislature has enacted presents some practical complications and contradictions which, unsurprisingly, have been the subject of much foment. For example, one commentator has observed:
“Juries, as fact finders, are charged with the duty of allotting responsibility attributable to wrongdoing. It is contradictory and violative of the legislative intent that a ground based on no wrongdoing, ‘no fault,’ could become the subject of fault finding. . . .
“The Legislature’s requirement of no more than a perceptual statement made under oath eliminates any further exploration as to underlying fact” (Scheinberg, Outside Counsel, No-Fault Divorce, Defenses, Pleadings, Independent Actions, NYLJ, Nov. 30, 2010, at 4, col 1, at 9, col 1).