OPINION OF THE COURT
Robert A. Bruno, J.
It is ordered that this motion is decided as follows:
Priscilla Coker (wife) seeks an order: (A) pursuant to CPLR 2221, granting reargument of the denial of wife’s application for attorneys’ fees, pendente lite, sought in action No. 1; (B) upon granting reargument, awarding wife counsel fees, pendente lite in the amount of $40,000; (C) in the alternative, in the context of action No. 2, pursuant to section 237 of the Domestic Relations Law, awarding wife interim counsel fees, pendente lite, in the sum of $40,000 payable by Mr. Townes directly to wife’s counsel, to permit wife to properly prosecute this matter, with leave to apply for further sums as may be warranted; (D) pursuant to CPLR 3212, granting wife summary judgment with respect to the cause of action for a divorce alleged in action No. 2 based upon the irretrievable breakdown of the marriage between the parties for a period of at least six months; and (E) pursuant to CPLR 3212, granting wife summary judgment establishing that the postnuptial agreements dated October 5, 2007 are valid, enforceable and dispositive as to equitable distribution, support and maintenance. David Townes (husband) opposes said application, in part.
Procedural Background
The parties were married on June 12, 1981 and have three children, who are all emancipated. On October 5, 2007, the parties entered into postnuptial agreements concerning the issues of maintenance, support and equitable distribution.
On October 6, 2008, wife commenced an action for divorce against husband by filing a summons and verified complaint (2008 action). Husband’s former counsel then appeared in the action by service of a verified answer with counterclaims. In addition, husband served a demand for change of place of trial. In her verified reply, wife consented to the entry of the judgment of divorce based on husband’s counterclaim for constructive abandonment. Further, in an order dated January 16, 2009, Honorable Anthony J. Falanga denied husband’s motion to change venue from Nassau County. Subsequently, on March 23, 2009, the parties executed a stipulation, “So-Ordered” by *497 Honorable Anthony J. Falanga, wherein wife agreed to discontinue the 2008 action so that husband may commence his own action on the grounds of constructive abandonment.
Pursuant to the terms of the March 23, 2009 stipulation, on or about April 8, 2009, husband commenced an action for divorce based upon the grounds of constructive abandonment by service of a summons and verified complaint (action No. 1). Wife served a verified answer consenting to a divorce on the grounds of constructive abandonment. Wife did not assert a counterclaim.
On November 12, 2009, wife’s counsel served a request for judicial intervention and request for preliminary conference. On May 3, 2010, a preliminary conference was held before this court. Thereafter, the parties and their respective counsel appeared for several conferences with the court on July 8, 2010, September 16, 2010, January 6, 2011, February 10, 2011 and March 9, 2011. During this period of time, wife made an application for sanctions which was later withdrawn in accordance with the terms of a stipulation executed on July 6, 2010. A second application was made by wife seeking to compel discovery. This motion was ultimately decided by this court on November 15, 2010. Also during this period of time, on January 6, 2011, the parties entered into a stipulation, “So-Ordered” by this court, wherein the parties agreed to utilize the services of Fred Shapiro, Esq., as mediator, in hopes to resolve this matter. It is uncontroverted that the parties never met with Mr. Shapiro.
On or about March 21, 2011 husband made a motion, inter alia, seeking to discontinue action No. 1. This court denied husband’s motion and held:
“In the instant matter and after three (3) years of litigation, Husband suddenly claims that he no longer wants a divorce because it will cause ‘irreparable harm to the character and spiritual life’ of the parties and their children. Wife avers that Husband induced her to discontinue the 2008 action under false pretenses so that Husband could control the procedural posture of the this action.
“Given the tortured procedural history in this action, it is difficult for this court to find Husband’s recent epiphany to be genuine. Here, Husband contends that he never desired a divorce yet he enters into a Stipulation withdrawing the 2008 ac *498 tion and willingly brings the instant action. Moreover, to grant discontinuance now would prejudice Wife’s rights to enforce the outstanding order of the court dated January 6, 2011 as well as cause further delay in achieving the ultimate dissolution of marriage and the distribution of assets in accordance with the parties post-nuptial agreement.
“It appears to this court that Husband’s only accomplishment over the course of the past three (3) years of litigation has been to waste precious judicial resources which only impairs the efficient functioning of the courts and the timely adjudication of claims.”
On or about February 15, 2011 wife commenced action No. 2 and moved, inter alia, to consolidate action No. 1 and action No. 2 pursuant to CPLR 602 which this court granted, which brings the parties to the instant motion.
Sequence No. 5
Branch “A” of wife’s application seeking reargument of this court’s prior decision and order dated August 10, 2011 in action No. 1 regarding the award of attorneys’ fees has been rendered moot, in light of this court’s amended decision and order dated November 9, 2011.
Branch “B” of wife’s application seeking legal fees upon granting her application for reargument is denied, as reargument was not granted.
Branch “C” of wife’s application seeking legal fees in the context of action No. 2 pursuant to Domestic Relations Law § 237 in the amount of $40,000 is granted to the extent, husband is required to pay $27,810.58, within 30 days of this decision and order.
Branch “D” of wife’s application seeks an order granting her summary judgment with respect to her cause of action alleged in action No. 2, based upon the irretrievable breakdown of the marriage between the parties for at least six months. Wife’s cause of action in action No. 2 is predicated upon the recently enacted “no-fault” ground for divorce established in Domestic Relations Law § 170 (7), to wit: the irretrievable breakdown of the relationship of the parties.
Wife’s verified complaint (action No. 2) states in relevant part: “11. The grounds for divorce are as follows: Irretrievable Breakdown of the Relationship (DRL Sec. 170(7)): The relation *499 ship between the Plaintiff and Defendant has been broken down irretrievably for a period of at least six (6) months.”
Domestic Relations Law § 170 (7) states in relevant part:
“An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: ... ’
“(7) The relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath. No judgment of divorce shall be granted under this subdivision unless and until the economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and experts’ fees and expenses as well as the custody and visitation with the infant children of the marriage have been resolved by the parties, or determined by the court and incorporated into the judgment of divorce.”
In opposition to wife’s application for summary judgment as to grounds, husband simply states that he categorically denies his wife’s claims that the marriage has broken down irretrievably. However, the Legislature did not enact a defense to this cause of action and courts cannot employ statutory construction to enact an intent that the Legislature did not express. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 92.) Thus, neither husband, nor this court, may create a defense where it is clear that the Legislature intentionally declined to do so. (See Pajak v Pajak, 56 NY2d 394 [1982].)
Since wife has stated “under oath” that the marriage is irretrievably broken, there is no basis for directing a trial with regard to this action for divorce. Domestic Relations Law § 170 (7) states that a divorce may be granted where: “(7) The relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath” (emphasis added). Thus, once a party has stated under oath that the marriage has been irretrievably broken for a period of at least six months, the cause of action for divorce has been established as a matter of law.
This court is aware of a recent Essex County decision, Strack v Strack (31 Misc 3d 258 [Sup Ct, Essex County 2011]), which held that a husband has the right to a trial on the “no fault” *500 ground asserted by wife. However, this court has respectfully declined to follow same.' While the Strack decision is not controlling in this jurisdiction, it should be noted that the court stated the following in its decision (at 262),
“Clearly the tenor of such support, as voiced to and by members of the Legislature, was with an expectation that the allegation, in and of itself, would not be subjected to the rigors of any defense, any motions, the requirement of any testimony and certainly not the scrutiny of any factfinder.”
It appears the court based its conclusion on the provisions of Domestic Relations Law § 173 which provides that there is a right to trial by jury when the grounds for divorce are at issue. In making this determination, the Strack court ignored the critical, seemingly obvious fact that pursuant to Domestic Relations Law § 170 (7), once either party states under oath that the marriage has been irretrievably broken for at least six months, the grounds are no longer at issue and there is no right to a trial, by jury or otherwise. The entire purpose of the statute was to permit the court to grant a divorce without requiring a trial. Thus, in the case at bar, where wife has sworn that the marriage was irretrievably broken for at least six months and the parties have not been living together for more than two years, wife has satisfied the statutory criterion and is entitled to obtain a judgment of divorce as a matter of law.
In another case in Nassau County, A.C. v D.R. (32 Misc 3d 293, 305-307 [Sup Ct, Nassau County 2011]), Justice Falanga stated the following:
“Marriage is the State’s recognition and approval of a man and a woman’s voluntary choice to live with each other, to remain committed to one another and to form a household based upon their own feelings about one another. It has often been said that marriage is a partnership. There can be no such thing as an indissoluble partnership. (Skinner v Dayton, 19 Johns 513 [1822].) Indeed, it has been held that the decision that a marriage is irretrievably broken need not be based on any objectifiable fact. It is sufficient that one or both of the parties subjectively decide that their marriage is over and there is no hope for reconciliation (Caffyn v Caffyn, 441 Mass *501 487, 806 NE2d 415 [2004]).
“In other words, a plaintiffs self-serving declaration about his or her state of mind is all that is required for the dissolution of a marriage on the ground that it is irretrievably broken. As stated in our statute, a no-fault divorce may be granted ‘provided that one party has so stated under oath’ that the marriage is irretrievably broken. In adopting no-fault divorce, the Legislature implicitly recognized that the parties to a marriage should be able to make personal and unavoidably subjective decisions about the continuation of their marriage partnership. The conclusion, that it is sufficient that a party subjectively decide that their marriage is over, finds support in the reasoning of other courts. (See e.g. In re Marriage of Walton, 28 Cal App 3d 108, 117, 104 Cal Rptr 472, 479 [1972], quoting In re Marriage of McKim, 6 Cal 3d 673, 680, 100 Cal Rptr 140, 144 [1972] [in deciding whether evidence supports findings ‘ “that irreconcilable differences do exist and that the marriage has broken down irremediably and should be dissolved” ’ the court must necessarily ‘depend to a considerable extent upon the subjective state of mind of the parties’]; Joy v Joy, 178 Conn 254, 255, 423 A2d 895, 896 [1979] [there need not be ‘objective guidelines’ for determination that marriage is irretrievably broken]; Mattson v Mattson, 376 A2d 473, 475 [Me 1977] [‘The term “irreconcilable marital differences” is one that necessarily lacks precision and should not be circumscribed by a strict definition’]; Dunn v Dunn, 13 Or App 497, 501-502 n 1, 511 P2d 427, 429 n 1 [1973] [explaining necessity of a subjective standard of marital failure in context of no-fault divorce]; Caffyn v Caffyn, 441 Mass at 495 n 17, 806 NE2d at 422 n 17.)
“Therefore, in this court’s view, the Legislature did not intend nor is there a defense to Domestic Relations Law § 170 (7). Suggestions that the party wishing to stay married has a constitutional right that is being infringed upon in violation of due process is unavailing. Staying married, against the wishes of the other adult who states under oath that the marriage is irretrievably broken, is not a vested right. ‘Marital rights . . . have always been treated as inchoate or contingent and may be taken away by *502 legislation before they vest’ (Gleason v Gleason at 40).
“ ‘Nor is there substance to the further contention that the statute unconstitutionally impairs contract rights. “Marriage is not a contract” . . . “within the meaning of the provision of the Federal Constitution which prohibits the impairment by the States of the obligation of contracts.” This being so, “rights growing out of the [marriage] relationship may be modified or abolished by the Legislature without violating the provisions of the Federal of [sic] State Constitution which forbid the taking of life, liberty or property without due process of law.” . . . “The provision of the constitution never has been understood to embrace other contracts, than those which respect property, or some object of value, and confer rights which may be asserted in a court of justice. It never has been understood to restrict the general right of the legislature to legislate on the subject of divorces.” ’ ”
Notwithstanding the foregoing and assuming arguendo, that the husband is entitled to a defense regarding Domestic Relations Law § 170 (7), here the husband’s general denial of wife’s allegations that the marriage is broken down irretrievably is simply belied by husband’s sworn statement in his verified complaint (action No. 1) in which he states:
“AS AND FOR A CAUSE OF ACTION FOR A JUDGMENT OF DIVORCE (Constructive Abandonment)
“Continuing for a period of more than one (1) year immediately prior to the commencement of this action, defendant has continuously refused to have sexual relations with the plaintiff despite plaintiffs repeated requests to resume such relations. Defendant does not suffer from any disability which would prevent her from engaging in such sexual relations with plaintiff. The refusal to engage in sexual relations was without good cause or justification and occurred at the marital residence located at 140 East 83rd Street, New York, New York 10028, and other locations.
“Such conduct on the part of defendant constitutes an abandonment of the plaintiff by the defendant for a period of one or more years.
“Wherefore, plaintiff demands judgment as follows:
*503 “A. For absolute divorce dissolving the bonds of matrimony between the plaintiff and defendant by reason of defendant’s constructive abandonment of plaintiff.”
Based upon the husband’s sworn admission that his wife has refused to have sexual relations with him for at least one year despite his repeated request for same, it is difficult for this court to imagine a better example of a irretrievable breakdown of the marriage relationship where one spouse continually refuses to have sexual relations with the other spouse for a period of at least one year. Here, the husband is bound by his own sworn admission contained in his verified complaint, thereby eliminating any triable issues of fact for this court to determine. The fact the husband in action No. 2 now wants to alter his sworn material representations in action No. 1 to create a defense in action No. 2 will not be tolerated by this court. (See Bogoni v Friedlander, 197 AD2d 281 [1st Dept 1994].) Accordingly, branch “D” is granted.
Branch “E” of wife’s application granting summary judgment establishing that the parties’ postnuptial agreements dated October 5, 2007 are valid, enforceable and dispositive as to equitable distribution, support and maintenance is granted on consent of the husband.
Accordingly, it is hereby ordered, that wife, Priscilla Coker’s motion for an order awarding her summary judgment against the husband, David Townes, pursuant to Domestic Relations Law § 170 (7) is granted, and it is further ordered, that the wife, Priscilla Coker’s motion for an order awarding her summary judgment establishing that the parties’ postnuptial agreements dated October 5, 2007 are valid, enforceable and dispositive as to equitable distribution is granted, and it is further ordered, that the husband, David Townes, shall pay wife, Priscilla Coker, an award of reasonable counsel fees in the amount of $27,810.58 payable by husband, David Townes directly to wife’s counsel Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP regarding the representation of wife within 30 days of this decision and order and it is further ordered that if payment of the aforementioned legal fees are not paid as directed herein, the Clerk of the County of Nassau, upon payment of all appropriate fees, shall enter judgment in favor of Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP as against husband, David Townes upon presentation of this order together with an affir *504 mation of noncompliance, and it is further ordered that all matters not decided herein are denied.

 Also see Schiffer v Schiffer, 33 Misc 3d 795 (Sup Ct, Dutchess County 2011).